UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| JUST ONE MORE RESTAURANT CORP.,<br>and JUST ONE MORE HOLDING CORP.,[1] | Case No. 9:19-bk-1947-FMD<br>(Jointly Administered with<br>Case No. 9:19-bk-1948-FMD) |
| Debtors. | Chapter 11 Cases |

_____/

### DEBTORS' RESPONSE IN OPPOSITION
### TO MOTION TO DISMISS CHAPTER 11 CASES

Just One More Restaurant Corp. ("JOMR") and Just One More Holding Corp. ("JOMH" and together with JOMR, collectively, the "Debtors"), by and through their undersigned counsel, hereby file this response (the "Response") in opposition to the *Motion to Dismiss* (Doc. 243) (the "Motion to Dismiss") filed by Gary Ganzi and Claire Breen, individually and as Attorneys-in-Fact for the Estate of Charles Cook (collectively, the "Plaintiff Minority Shareholders"), and state:

### PROCEDURAL BACKGROUND

1.      On March 7, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtors are managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On April 16, 2019, the Court entered an order authorizing the Debtors to appoint Gerard A. McHale, Jr. as Chief Restructuring Officer (the "CRO") (Doc. 139).

---

[1]      The last four digits of each Debtor's federal tax identification number are Just One More Restaurant Corp. (5070) and Just One More Holding Corp. (6081).  The address of the Debtors is 8955 Fontana Del Sol Way, 2nd Floor, Naples, FL 34109.

9426600-7

4.      On May 13, 2019, the United States Trustee filed a notice with the Court indicating that the United States Trustee will not appoint a committee of unsecured creditors.

5.      For a detailed description of the Debtors, the Debtors respectfully refer the Court and parties in interest to the *Declaration of Chief Restructuring Officer, Gerard A. McHale, in Support of Chapter 11 Petitions and First Day Pleadings* (Doc. 7) (the "First Day Declaration") filed on the Petition Date which the Debtors incorporate herein by reference.[2]

## THE MOTION TO DISMISS

6.      On November 12, 2019, the Plaintiff Minority Shareholders filed the Motion to Dismiss.

7.      On November 14, 2019, the Court scheduled the preliminary hearing on the Motion to Dismiss for Monday, December 2, 2019 at 3:00 p.m.

## CHAPTER 7 CASES OF THE DEFENDANT MAJORITY SHAREHOLDERS

8.      On October 11, 2019, each of Walter J. Ganzi, Jr. ("Ganzi") and Bruce E. Bozzi ("Bozzi", and together with Ganzi, collectively, the "Defendant Majority Shareholders") filed in this Court petitions for bankruptcy protection under chapter 7 of the United States Bankruptcy Code. *See* chapter 7 case no. 9:19-bk-09680-FMD ("Ganzi Chapter 7 Case") and chapter 7 case no. 9:19-bk-09677-FMD ("Bozzi Chapter 7 Case" and together with the "Ganzi Chapter 7 Case, collectively, the "Chapter 7 Cases").

---

[2]     The Debtors have chosen not to respond herein to the Plaintiff Minority Shareholders' incomplete record as set forth in the Motion to Dismiss.  To take one example, the Motion to Dismiss alleges that the CRO "determined it was appropriate to file" the Debtors' chapter 11 cases.  *See* Motion to Dismiss, ¶ 2.  However, the Plaintiff Minority Shareholders fail to add that this Court has found—at the conclusion of a contested hearing held on July 26, 2019 with respect to a prior motion to dismiss filed by the Plaintiff Minority Shareholders—that, *"(a) the Debtors' chapter 11 bankruptcy cases were properly authorized and filed in good faith, (b) there is no requirement for the Debtors to be insolvent to file for chapter 11 bankruptcy protection, and (c) the Debtors' chapter 11 bankruptcy cases were filed for the legitimate purpose of preserving the value of the Debtors' assets."*  *See* Order Denying Renewed Motion to Dismiss Chapter 11 Cases (Doc. 161), ¶ 2 (Doc 184).

9426600-7

9.      Robert E. Tardif, Jr. has been appointed the trustee in each of the Chapter 7 Cases (the "Chapter 7 Trustee").  *See* Ganzi Chapter 7 Case, Doc. 5; Bozzi Chapter 7 Case, Doc. 15.

## ARGUMENT

10.     Section 1112(b) provides, in relevant part, that a court may dismiss a chapter 11 case for "cause," and lists several non-exclusive factors courts can consider.  *See* 11 U.S.C. § 1112(b)(1), (4).   "[T]he determination of cause under § 1112(b) is 'subject to judicial discretion under the circumstances of each case."  *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) (citation omitted).  The party moving to dismiss bears the burden of proof to establish the existence of "cause."  *In re 412 Boardwalk, Inc.*, 520 B.R. 126, 134 (Bankr. M.D. Fla. 2014).  In considering a § 1112(b) motion to dismiss, "all doubts are to be resolved in favor of a debtor."  *Id.* (quotation omitted).

11.     The Debtors' bankruptcy cases should not be dismissed in order (i) to permit JOMR the ability to pursue the marketing and the sale of the intellectual property it owns (as defined in the next paragraph, the "Palm IP") under 11 U.S.C. § 363 in the event that the Palm restaurant business is no longer a viable operation, or alternatively, (ii) if the Palm restaurant business remains a going-concern enterprise, to permit the Debtors to coordinate a sale of the entire Palm restaurant business with the Chapter 7 Trustee.  The Palm restaurant business includes, among other assets, the Palm IP and the Defendant Majority Shareholders' ownership interests in (i) the Debtors, (ii) the Palm Management Corporation (the entity that manages the entire operation and owns real estate located in East Hampton, New York and New York, New York) and (iii) the 21 Palm restaurants owned in whole, or in part, by the Defendant Majority Shareholders.

12.     As is well-known at this point in the Debtors' bankruptcy cases, JOMR owns the Palm intellectual property – a series of trademarks and service marks, design elements of the Palm

3

(such as its food quality choices and methods of preparation) and the Palm's decor, display of certain photographs, artistic caricatures, sketches, cartoons and other elements (i.e., the Marks and Works) (collectively, the "Palm IP").[3]  *See* First Day Declaration, ¶ 12.  JOMR licenses the Palm IP to 24 Palm restaurants, including the 21 Palm restaurants owned in whole or in part by the Defendant Majority Shareholders as well as three other Palm restaurants owned by non-debtor third-parties (collectively, the "Palm Restaurants"), through individual pre-petition licensing agreements.[4]  *See id.*

13.     On behalf of the CRO, the Debtors' counsel has been in communication for almost two months with two of the nation's foremost expert consultants who are often retained by debtors with respect to marketing and selling intellectual property in bankruptcy cases.  The primary purpose of such communications has been to solicit bids and choose one of them to serve as the Debtors' intellectual property consultants to market and sell the Palm IP through a competitive sale process in the Debtors' chapter 11 cases.  It almost goes without saying that a critical component for maximizing the proceeds to the Debtors' estates from a sale of the Palm IP are the buyer protections that a purchaser of such Palm IP would require under 11 U.S.C. § 363.  In the

---

[3]   The Plaintiff Minority Shareholders also assert that JOMR "has failed to collect substantial revenue for the use of its intellectual property".  *See* Motion to Dismiss, p. 3, ¶¶ 3, 4, and 5.  Nothing could be further from the truth.  As reflected in the First Day Declaration and in the Monthly Operating Reports timely filed in the Debtors' bankruptcy cases, JOMR has collected the monthly amounts contractually due under the licenses.  *See* First Day Declaration, ¶ 13 ("Most of the Palm Restaurants pay JOMR a $6,000 annual fee for the use of the Palm IP"); Monthly Operating Reports for (i) April, 2019 (Doc. 152, ECF p. 3 of 30, reflecting the collection of $11,500 royalty fees due for March, 2019 and $11,500 due for April, 2019), (ii) June, 2019 (Doc. 167, ECF p. 3 of 34, reflecting the collection of $11,500 in royalty fees due for May, 2019), (iii) July, 2019 (Doc. 204, ECF p. 3 of 33, reflecting the collection of $11,500 in royalty fees due for June, 2019 and $11,500 in royalty fees due for July, 2019), and (iv) October, 2019 (Doc. 254, ECF p. 3 of 34, reflecting the collection of $11,500 in royalty fees due for August, 2019 and $11,500 in royalty fees due for September, 2019).

[4]   In addition, Palm Management Corporation has granted a license to The TJX Companies, Inc. ("TJX") to use the Palm IP to create Palm-branded household goods for retail stores.  Under the license, TJX pays Palm Management Corporation a percentage of the purchase cost of each item provided for sale by TJX.  *See* First Day Declaration, ¶ 12.

9426600-7

event that the Palm restaurant business is no longer a viable operation, the Debtors will seek to retain an intellectual property consultant and to move forward with the sale of the Palm IP.

14.     Alternatively, if the Palm restaurant business remains a going-concern enterprise, the Debtors' cases should not be dismissed in order to afford the Debtors the ability to collaborate with the Chapter 7 Trustee in order to maximize the collective, combined value of all of the chapter 7 estates and the chapter 11 estates by selling the entire Palm restaurant business inclusive of the Palm IP and the Defendant Majority Shareholders' interests in the Debtors, the Palm Management Corporation and the 21 restaurants.  As stated by the Debtors' counsel at the status conference held by the Court on November 13, 2019:

> [MR. SINGERMAN:]  We don't know, as I've said, what's going on at the restaurant level. We do know that … Wally Ganzi and Bruce Bozzi estates own a hundred percent of the equity in Palm Management Corporation and of the 21 operating restaurants, if all of them are still operating, and interests in yet a few other restaurants.
>
> We don't know if, in light of the Chapter 7s, Your Honor, that there is still a going-concern enterprise that Mr. Tardif could keep together and sell. I am hopeful, regardless of what happens in the JOMR cases, that there is.  I don't know.
>
> We do know that if there is a going-concern enterprise sale of the assets of the corporations that Mr. Tardif's estates have, that to maximize the value of that sale, we need the intellectual property to go along with it if a buyer is going to buy the Palm enterprise. And Your Honor has observed in more than one hearing before this Court, that you understand that.
>
> So if there's going to be an enterprise sale, we need the intellectual property to be sold. If, God forbid, there's no longer an enterprise, or the ability for Mr. Tardif to hold it together to get through a marketing period, then certainly we need to sell the intellectual property. And in light of issues pertaining to it, it is our view -- Mr. McHale's view and ours as his counsel, I think it's an unremarkable position -- that we're going to maximize value for a prospective buyer by having the benefit of a 363 order from the JOMR Bankruptcy Court.

9426600-7

> Mr. McHale has directed us, and we have, leading up to today,
> conducted interviews with widely-recognized firms that specialize
> in the disposition of intellectual property of financially distressed
> entities in and out of Bankruptcy Court.  I have shared the identity
> of those firms with counsel for the Minority Shareholders.

*See*, Transcript of Status Conference (11/13/2019), pp. 10:1 to 11:10.

15.     Accordingly, the Debtors' cases should not be dismissed in order to permit the

Debtors to maximize the value of their estates, either through a sale of the Palm IP as a part of the

sale of the entire Palm restaurant business, or alternatively, through just the sale of the Palm IP.

**The CRO and the Chapter 7 Trustee Support the Relief Requested in
this Response and Have Begun Working Collaboratively to Create a Process
for Maximizing the Sale Value of the Defendant Majority Shareholders' Interests
in the Entities that Own, Manage and Operate the Palm Restaurant Business**

16.     The CRO and the Chapter 7 Trustee each support the relief requested in this

Response.

17.     The CRO and the Chapter 7 Trustee have also begun to work collaboratively with

one another to create a joint process with respect to the marketing and the sale of the entire Palm

restaurant business, or alternatively, the Palm IP in order to maximize the combined value of the

assets in the estates of the Debtors and those in the Chapter 7 Cases of Bozzi and Ganzi.  It is the

business judgment of the CRO and the Chapter 7 Trustee that the value of such assets will be

maximized through the coordination of the marketing and the sale process whereby the

purchaser(s) of such assets receive the buyer protections afforded by 11 U.S.C. §363.

18.     In short order, the Debtors and the Chapter 7 Trustee anticipate filing a joint motion

seeking approval of bidding and sale procedures with respect to selling the equity interests owned

by Bozzi and Ganzi in the entities that own, manage, and operate the Palm restaurant business.

9426600-7

**WHEREFORE**, the Debtors respectfully request the entry of an Order, (i) sustaining the Debtors' objection and denying the relief sought in the Motion to Dismiss, and (ii) granting such other relief which the Court deems just and proper.

Dated:  November 26, 2019

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for Debtors in Possession*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:  */s/ Christopher Andrew Jarvinen*
Paul Steven Singerman
Florida Bar No. 0378860
singerman@bergersingerman.com
Christopher Andrew Jarvinen
Florida Bar No. 21745
cjarvinen@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in these cases as reflected on the attached Electronic Mail Notice List and via U.S. Regular Mail, postage prepaid, upon all parties on the attached Creditor Matrix, to the extent that such parties do not already receive notice electronically through the Court's CM/ECF system, on this 26th day of November, 2019.

 */s/ Christopher Andrew Jarvinen*
Christopher Andrew Jarvinen

9426600-7

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Paul A Avron    pavron@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com;mday@bergersingerman.com
- Robert F Elgidely    relgidely@foxrothschild.com, mmiller-hayle@foxrothschild.com;kellis@foxrothschild.com
- Eric D Jacobs    ejacobs@gjb-law.com, gjbecf@ecf.courtdrive.com;gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;btraina@gjb-law.com;mrodriguez-salva@gjb-law.com
- Christopher A Jarvinen    cjarvinen@bergersingerman.com, efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- Andrew T. Jenkins    ajenkins@bushross.com, mlinares@bushross.com;ksprehn@bushross.com
- Benjamin E. Lambers    Ben.E.Lambers@usdoj.gov
- Julia A May    juliamay@mvalaw.com
- Gerard A McHale    jerrym@thereceiver.net
- Fredric S. Newman    fnewman@hnrklaw.com, docket@hnrklaw.com
- Joshua D Rievman    jrievman@drdllplaw.com
- Robert A. Schatzman    robert.schatzman@gray-robinson.com, Amador.Ruiz-Baliu@gray-robinson.com;lauren.rome@gray-robinson.com
- Paul Steven Singerman    singerman@bergersingerman.com, efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- United States Trustee - FTM    USTPRegion21.TP.ECF@USDOJ.GOV

Label Matrix for local noticing
113A-9
Case 9:19-bk-01947-FMD
Middle District of Florida
Ft. Myers
Tue Nov 26 08:10:19 EST 2019

Michele L. Angell
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Bank of America, N.A.
c/o Andrew T. Jenkins, Esq.
Bush Ross, PA
PO Box 3913
Tampa, FL 33601-3913

Bruce E Bozzi, Sr.
Robert A. Schatzman, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Ave., #3200
Miami, FL 33131-2191

David L. Eades
Moore & Van Allen, PLLC
100 North Tryon Street
Suite 4700
Charlotte, NC 28204-4003

Walter J Ganzi, Jr.
c/o Robert A. Schatzman, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Ave., #3200
Miami, FL 33131-2191

Stephen E. Gruendel
Moore & VanAllen
100 North Tryon St., Ste. 4700
Charlotte, NC 28202-4003

Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 E. 42nd Street
48th Floor
New York, NY 10165-3003

Just One More Holding Corp.
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428

Just One More Restaurant Corp.
Just One More Holding Corp.9:19-bk-01948
Jointly Administered
8955 Fontana Del Sol Way, 2nd Floor
Naples, FL 34109-4428

Marc E Kasowitz
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Sarmad M. Khojasteh
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

David S. Rosner
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Adam L. Shiff
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Adam L. Shiff, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Alan Levine, Esq.
Cooley LLP
1114 Avenue of the Americas
46th Floor
New York, NY 10036-7703

Atlanta Palm Food Corp.
c/o The Palm Atlanta
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Atlantic City Palm, LLC
c/o The Palm Atlantic City
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Bank of America, N.A.
P.O. Box 448
Location Code SC3-240-03-05
Columbia, SC 29202-0448

Bank of America, National Association
c/o Andrew T Jenkins, Esq
Bush Ross, PA
PO Box 3913
Tampa, FL  33601-3913

Boston Palm Corporation
c/o The Palm Boston
1730 Rhode Island AVe., N.W.
#900
Washington, DC 20036-3113

Bruce E Bozzi, Jr and Walter J Ganzi, Jr
c/o David S Rosner
1633 Broadway
New York, NY 10019-6708

Bruce E Bozzi, Sr
c/o Robert A Schatzman, Esq
GrayRobinson, PA
333 SE 2nd Ave, Suite 3200
Miami, FL 33131-2191

Bruce E Bozzi, Sr
c/o Steve J Solomon, Esq
GrayRobinson, PA
333 SE 2nd Ave, Suite 3200
Miami, FL 33131-2191

Bruce E Bozzi, Sr & Walter J Ganzi Jr
c/o Michele L Angell
1633 Broadway
New York, NY 10019-6708

Bruce E Bozzi, Sr and Walter J Ganzi, Jr
c/o Adam L Shiff
1633 Broadway
New York, NY 10019-6708

Bruce E Bozzi, Sr and Walter J Ganzi, Jr
c/o Marc E Kasowitz
1633 Broadway
New York, NY 10019-6708

Bruce E Bozzi, Sr and Walter J Ganzi, Jr
c/o Sarmad M Khojasteh
1633 Broadway
New York, NY 10019-6708

Bruce E. Bozzi, Sr.
2161 Gulf of Mexico Drive
Apt. 3B-1
Longboat Key, FL 34228-5230

Charlotte Palm Corporation
c/o The Palm Charlotte
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Chicago Palm, Inc.
c/o The Palm Chicago
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Claire Breen
7 Ryan Street
Syosset, NY 11791-2129

Cooley LLP
Attn:  Alan Levine, Esq.
1114 Avenue of the Americas
16th Floor
New York, NY 10036-7772

Cooley LLP
Attn:  Alan Levine, Esq.
1114 Avenue of the Americas
46th Floor
New York, NY 10036-7703

Cooley LLP
attn: J. Michael Kelly
101 California St., 5th Fl
San Francisco, CA 94111-5800

Coral Gables Palm Restaurant
4425 Ponce de Leon Blvd.
Ste. 140
Miami, FL 33146-1837

(c)CORPORATE CREATIONS
11380 PROSPERITY FARMS RD STE 221
PALM BEACH GARDENS FL  33410-3465

David Rosner, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

David S. Rosner, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Denver Palm Corporation
c/o The Palm Denver
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Estate of Charles Cook
c/o Meridithe Shields
58 Bluestone Court
Kingston, NY 12401-4323

Frederic S. Newman, Esq.
Hoguet Newman Regal & Kenney
10 East 40th Street
35th Floor
New York, NY 10016-0304

Gary Ganzi
74 Valleyfield Street
Lexington, MA 02421-7939

Gary Ganzi and Claire Breen
c/o Eric D. Jacobs, Esq.
 Genovese Joblove & Batista, P.A.
100 N. Tampa Street, Suite 2600
Tampa, FL 33602-5810

Gary Ganzi and Claire Breen
c/o Michael A. Friedman, Esq.
Genovese Joblove & Batista, P.A.
100 N. Tampa Street, Suite 2600
Tampa, FL 33602-5810

Gary Ganzi and Claire Breen
c/o Robert F Elgidely, Esq
Genovese Joblove & Batista, PA
200 East Broward Blv, Suite 1110
Fort Lauderdale, FL 33301-3535

Hoguet Newman Regal & Kenney, LLP
c/o Fredric S. Newman, Esq.
60 E. 42nd Street, 48th Floor
New York, NY 10165-3003

Hoteles Presidente, S.A.
Campos Eliseos 218 - 11th Fl
Polanco, CP 11560
Mexico

Ian Shapiro, Esq.
Cooley LLP
1114 Avenue of the Americas
46th Floor
New York, NY 10036-7703

Ian Shapiro, Esq.
Cooley LLP
1114 Avenue of the Americas
New York, NY 10036-7703

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Just One More Restaurant Cor
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428

LA Downtown Palm, LLC
c/o The Palm Los Angeles
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Los Angeles Palm, Inc.
c.o The Los Angeles Palm
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Miami Palm Restaurant Inc.
c/o The Palm Miami
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

NY Department of Finance
P.O. Box 3933
New York, NY 10008-3933

NYC Department of Finance
P.O. Box 3922
New York, NY 10085

NYC Department of Finance
P.O. Box 680
Newark, NJ 07101-0680

NYD Dept. of Health and
Mental Division of Permits
Church Street Station
P.O. Box 4081
New York, NY 10261-4081

NYS Department of Taxation
and Finance
WA Harrington Campus
Albany, NY 12227-0001

Nashville Palm Restaurant LL
c/o The Palm Nashville
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

New York State Department of Taxation &
New york State Tax & Finance Bankruptcy
Bankruptcy Section
P O Box 5300
Albany, NY 12205-0300

Northbrook Palm, LLC
2000 Northbrook Court
Northbrook, IL 60062-1411

PMC d/b/a Hedges Inn
c/o the James Lane Cafe Rest
73 James Lane
East Hampton, NY 11937

PMC d/b/a Huntting Inn
c/o The Palm East Hampton
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Beverly Hills
Restaurant, LLC
1730 Rhode Island Ave., N.W.
Suite 900
Washington, DC 20036-3113

Palm Management Corporation
1730 Rhode Island Ave., N.W.
Ste. 900
Washington, DC 20036-3113

Palm Management Corporation
1730 Rhode Island Avenue, NW
Ste. 900
Washington, DC 20036-3113

Palm New York Downtown LLC
c/o The Palm Tribeca
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Orlando Corporation
c/o The Palm Orlando
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Restaurant Puerto Rico
c/o The San Juan Palm Restau
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Restaurant of Houston
c/o The Palm Houston
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Restaurant of Las Vegas
c/o The Palm Las Vegas
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Restaurant of Philadelp
c/o The Palm Philadelphia
1730 Rhode Island Ave., N.W.
Washington, DC 20036-3101

Palm Restaurant, Inc.
c/o The Palm Too
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Troy Company, LLC
c/o The Troy Palm Restaurant
5600 Crooks Road
Troy, MI 48098-2811

Palm Tysons Too, Inc.
c/o The Palm Tysons Corner
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm West Corporation
c/o The Palm West Side
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Robert A. Schatzman, Esq.
GrayRobinson P.A.
333 S.E. 2nd Ave., Ste. 3200
Miami, FL 33131-2191

San Antonio Palm Restaurant
c/o The Palm San Antonio
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

San Diego Palm, LLC
c/o The San Diego Palm Resta
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Steven J. Solomon, Esq.
GrayRobinson P.A.
333 S.E. 2nd Ave., Ste. 3200
Miami, FL 33131-2191

Tampa Palm Restaurant, LLC
c/o The Tampa Palm Restauran
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

The Dallas Palm Restaurant
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

The Washington Palm, Inc.
c/o The Palm Washington DC
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Walter J Ganzi, Jr
c/o Robert A Schatzman, Esq
GrayRobinson, PA
333 SE 2nd Ave, Suite 3200
Miami, FL 33131-2191

Walter J Ganzi, Jr
c/o Steve J Solomon, Esq
GrayRobinson, PA
333 SE 2nd Ave, Suite 3200
Miami, FL 33131-2191

Walter J. Ganzi, Jr.
8171 Bay Colony Drive
Apt. 1902
Naples, FL 34108-7567

Benjamin E. Lambers +
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

Robert A. Schatzman +
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131-2191

United States Trustee - FTM +
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602-3949

Andrew T. Jenkins +
Bush Ross, PA
Post Office Box 3913
Tampa, FL 33601-3913


Robert F Elgidely +
Fox Rothschild LLP
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131-1833

Paul Steven Singerman +
Berger Singerman, LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

Paul A Avron +
Berger Singerman LLP
One Town Center Road
Suite 301
Boca Raton, FL 33486-1014


Christopher A Jarvinen +
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

Gerard A McHale Jr+
McHale PA
1601 Jackson St. Suite 200
Fort Myers, FL 33901-2968

Eric D Jacobs +
Genovese Joblove & Batista, P.A.
100 North Tampa Street, Suite 2600
Tampa, FL 33602-5810


Joshua D Rievman +
Dunning Rievman & Davies, LLP
434 West 33rd Street
New York, NY 10001-2601

Fredric S. Newman +
Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165-3003

Julia A May +
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003



Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).


Corporate Creations
11380 Prosperity Farms Road
#221E
Palm Beach Gardens, FL 33410



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Claire Breen

(u)Gary Ganzi

(u)Gary Ganzi and Claire Breen as Attorneys-i




(d)Cooley LLP
Attn: Alan Levine, Esq.
1114 Avenue of the Americas, 46th Floor
New York, NY 10036-7703

(d)Frederic S. Newman, Esq.
Hoguet Newman Regal & Kenney
10 East 40th Street, 35th Fl
New York, NY 10016-0304

(d)Just One More Holding Corp.
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428


End of Label Matrix
Mailable recipients   101
Bypassed recipients     6
Total                 107