UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:    Case No. 9:19-bk-01947-FMD

JUST ONE MORE RESTAURANT CORP.    (Jointly Administered with
and JUST ONE MORE HOLDING CORP.,    Case No. 9:19-bk-01948-FMD)
    Chapter 11 Cases

    Debtors.
_____/

**REPLY AND SUPPLEMENTAL SUBMISSION
IN FURTHER SUPPORT OF MOTION TO DISMISS**

    Gary Ganzi and Claire Breen, individually and as Attorneys-in-Fact for the Estate of Charles Cook (together, the "Minority Shareholders") and Hoguet Newman Regal & Kenney, LLP (the "Creditor," and together with the Minority Shareholders, the "Movants"), by their undersigned counsel, hereby file their Reply and Supplemental Submission in Further Support of their Motion to Dismiss (Doc. 243), and state in support thereof as follows:

    1.    In their Motion to Dismiss, Movants contend that these cases should be dismissed because (i) the stated objectives set forth in the first-day filings can no longer be accomplished by virtue of the Chapter 7 filings by Bruce E. Bozzi, Sr. and Walter J. Ganzi, Jr.[1]; (ii) no reorganization or restructuring effort is underway, no Chapter 11 plan has been filed in over eight months, and there is no commitment to file a Chapter 11 plan within a reasonable time; and (iii) over a million dollars in administrative expenses has been incurred without any benefit to the Debtors' estate.

    2.    Since the Motion to Dismiss was filed, several significant events have occurred that compel the conclusion that these cases, which never should have been filed in the first place, should be dismissed immediately.

---

[1] *See In re Bruce E. Bozzi, Sr.*, Case No. 9:19-bk-09677-FMD, Doc. 2 and *In re Walter J. Ganzi, Jr.*, Case No. 9:19-bk-09680-FMD, Doc. 2.

3. First, the Debtors filed Operating Reports for the months of September and October (Doc. Nos. 237 and 253) which establish that JOMR has not collected a market royalty for the use of the Palm IP despite this Court's direct exhortation to the CRO at the September hearing to do so, and in willful disregard of an existing and unstayed judgment of the New York Supreme Court voiding the existing licenses under which JOMR continues to operate. Indeed, JOMR remarkably acknowledges that the sole revenue it has collected over the past nine months has been the miniscule royalties under the voided license agreements. *See* Response, Doc. 259, p. 4, n. 3.

4. Next, the Debtors provided four Weekly Status Reports to the innocent Minority Shareholders covering the period September 16–October 10, copies attached, which unquestionably prove that the CRO took absolutely NO action to protect the Debtors' primary asset, an unstayed judgment in the current amount of over $125 million. Specifically, the CRO did not enforce existing Restraining Notices or serve new ones; a Restraining Notice is the best known and most widely used judgment enforcement device in New York. It freezes the judgment debtor's assets and prevents dissipation (exactly what happened here). Notably, the Restraining Notices would have had absolutely no impact upon the operation of the Palm Restaurants. Furthermore, the CRO did not even attempt to domesticate the Judgment in Florida until the week of September 16th, more than 6 months after he took over. The CRO also did nothing to pursue a fraudulent conveyance between Walter Ganzi and his brother Victor affecting a non-exempt second home in the deluxe yachting community of St. Michaels, Maryland, nor did he even attempt to file a lien on Judgment Debtor Bozzi's $10+ million vacation mansion on New York's Gold Coast in Easthampton, or other non-exempt personal assets until the September 16th reporting period began.

5.      Next, the two wrongdoing Judgment Debtors filed Statements of Current Monthly Income on November 13, 2019, as part of their Chapter 7 proceedings. In those Statements, they each reported monthly income of $64,000, consisting of approximately $51,851.85 in wages from Palm Management Corporation, one of their 100% owned companies. That's an annual rate of over $750,000, each, or over $1 million that has escaped during the period since these Chapter 11 filings in March.

6.      Finally, there has been no meaningful progress toward a global settlement. The most recent discussions with Judgment Debtor Walter Ganzi's son Marc were scuttled by the Chapter 7 filings of his father and Mr. Bozzi. Attempts to resurrect any discussions have been unavailing, through no lack of effort by the innocent Minority Shareholders or, for that matter, counsel for Marc Ganzi.

7.      In contrast to the CRO's unwillingness to execute on the judgment, he and his counsel have now run up over $1 million in fees and expenses. *See* Doc. Nos. 156-157, 160, 172, 187, 214, 236, 239, 245, and 258. And what benefit did they produce for the Debtors? Nothing.

8.      Compounding the burden and continuing deterioration of the Debtors' financial condition, their counsel recently filed an application for an astounding $571,955.45 for fees and expenses incurred during the 4-1/2 months since the last application for $311,036.24. *See* Doc. 245. It is textbook law, even cited by counsel in their application, that the value of the services rendered is a critically important factor in determining the reasonableness of the fees sought. Here, it is conceded that the Chapter 11 proceedings have failed to produce a global settlement, have failed to preserve the Debtors' assets, and have not resulted in any recovery on the judgment. Consequently, the Movants object to the fee application and respectfully request that

3

a hearing be set to review the request and determine what value, if any, the Debtors have received in exchange for such services.

9. Lastly, Debtors' counsel have now signed on to represent the Chapter 7 Trustee in selling the Palm restaurant business. However, the Chapter 7 Trustee would only be selling the Majority Shareholders' stock in the restaurants (since the restaurants themselves are not in bankruptcy) and he can jointly sell such stock along with the Majority Shareholders' stock in the Debtors without gutting those entities of their assets and causing further damages to the Minority Shareholders in these Chapter 11 cases. Moreover, there is no reason for the Debtors to sell their assets because the value of those assets is at least 10 times the amount of their liabilities at face value. JOMR's Intellectual Property is worth at least $100 million in an open and fair sale. The new objective of selling JOMR's most marketable and valuable asset to generate funds to distribute to its shareholders is not an appropriate reason for these Chapter 11 cases to remain pending.[2] The mere pendency of these cases has caused the innocent Minority Shareholders to suffer substantial damages because their stock continues to lose value despite the fact that the companies themselves should have increased in value (or at least maintained their substantial value) since the entry of a $125 million judgment in its favor against the wrongdoing Majority Shareholders.

10. Movants respectfully submit that these cases should not remain pending simply because they are currently pending. If a debtor does not belong in bankruptcy, the bankruptcy should be dismissed forthwith in order to minimize prejudice and damage to third parties such as the Movants.

---

[2] If the Court believes a sale of the Debtors' is necessary and appropriate, the Court may convert these cases to Chapter 7 and appoint independent Chapter 7 Trustees with new and unconflicted counsel. See, *In re Mongelluzzi*, Case No. 8:11-bk-01927-CED and *In re Able Body Temporary Services, Inc.*, Case No. 8:13-bk-06864-CED.

105620208.v1

WHEREFORE, the Movants respectfully request the Court to enter an Order (i) dismissing these cases forthwith, or scheduling an evidentiary hearing to consider dismissal; and (ii) providing such further relief as the Court may deem just and proper.

        Respectfully submitted,

        FOX ROTHSCHILD LLP
        *Attorneys for the Movants*
        2 South Biscayne Boulevard, Suite 2750
        Miami, Florida 33131
        Telephone: (305) 442-6540
        Facsimile: (305) 442-6541

        By:/s/ Robert F. Elgidely
          Robert F. Elgidely, Esq.
          Florida Bar No. 111856
          E-Mail: relgidely@foxrothschild.com

          and,

        HOGUET NEWMAN REGAL & KENNEY, LLP

        By:/s/ Fredric S. Newman
          Fredric S. Newman
          *Specially admitted pro hac counsel*
          One Grand Central Place
          60 E. 42nd St., 48th Fl.
          New York, New York 10016
          Telephone: (212) 689-8808

        DUNNING RIEVMAN & DAVIES, LLP

        By: /s/ Joshua D. Rievman
          Joshua D. Rievman
          *Specially admitted pro hac counsel*
          434 W. 33d St.
          New York, New York 10001
          Telephone: (646) 435-0027

> *Filer's Attestation: Pursuant to Local Rule 1001-2(e)(3) regarding signatures, Robert F. Elgidely, Esq. attests that concurrence in the filing of this paper has been obtained.*

105620208.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 29, 2019, I electronically filed the foregoing *Reply and Supplemental Submission In Further Support Of Motion To Dismiss* with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means and a copy was also forwarded via first-class mail to all parties identified on the attached mailing matrix who are not registered users of the Court's CM/ECF system.

        By: /s/ Robert F. Elgidely
            Robert F. Elgidely, Esq.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

JUST ONE MORE RESTAURANT CORP.,     Case No. 9:19-bk-1947-FMD
and JUST ONE MORE HOLDING CORP.,[1]     (Jointly Administered with
                                             Case No. 9:19-bk-1948-FMD)
       Debtors.                           Chapter 11 Cases
_____/

**Voluntary Weekly Update #1 Made by the Debtors to the Minority Shareholders**
September 20, 2019

- Commenced domestication proceeding in the Collier County, Florida Circuit Civil Division in order to domesticate the Judgment in Florida

- Filed the Transcript of Judgment with the Suffolk County Clerk (NY)

- Researching process to domesticate the Judgment in Talbot County (MD)

- Considering advisors with respect to potential marketing of the intellectual property owned by JOMR

- Continuing discussions with counsel to the Majority Shareholders over a potential plan of reorganization for JOMR and JOMH to be filed jointly by the Debtors and the Majority Shareholders if they wish to join

- Researching the Maryland fraudulent conveyance statute briefly cited in an email received from Fred Newman, counsel for the Minority Shareholders, on 9-17-2019 at 4:22 p.m. (Prevailing Eastern Time)

- Communicating with counsel to the Majority Shareholders regarding liquidity issues at the operating companies

- Communicating with counsel for Bank of America regarding judgment enforcement matters and maturity of debt and forbearance

- The CRO and Gary Ganzi (a Minority Shareholder) have continued to communicate directly with one another

---

[1] The last four digits of each Debtor's federal tax identification number are Just One More Restaurant Corp. (5070) and Just One More Holding Corp. (6081). The address of the Debtors is 8955 Fontana Del Sol Way, 2nd Floor, Naples, FL 34109.

9329796-1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

JUST ONE MORE RESTAURANT CORP.,     Case No. 9:19-bk-1947-FMD
and JUST ONE MORE HOLDING CORP.,[1]     (Jointly Administered with
                                                                             Case No. 9:19-bk-1948-FMD)
        Debtors.                                    Chapter 11 Cases
_____/

**Voluntary Weekly Update #2 Made by the Debtors to the Minority Shareholders**
September 27, 2019

- Multiple contacts with Collier County Circuit Court (FL) regarding the Affidavit (a copy is attached hereto as **Exhibit "A"**); The Court subsequently accepted and processed the Affidavit and a case number has been assigned [Case No. 11-2019-CA-003736-0001-XX]; Served Majority Shareholders with the Affidavit.

- Commenced domestication proceeding in the Circuit Court for Talbot County (MD) in order to domesticate the Judgment in Maryland, and the Circuit Court subsequently accepted and processed the Petition (a copy is attached hereto as **Exhibit "B"**) [Case No. C-20-JG-19-000428]; Served Majority Shareholders with the Petition.

- Requested/received date-stamped copy of filed Transcript of Judgment from the Suffolk County Clerk (a copy is attached hereto as **Exhibit "C"**); In process of confirming when Transcript of Judgment will appear in the county's records.

- Researching process for execution on certificated/uncertificated shares or interests of each of the entities owned in full, or in part, by the Majority Shareholders.

- Continue to consider advisors with respect to potential marketing of the intellectual property owned by JOMR.

- Continuing discussions with counsel to the Majority Shareholders over a potential plan of reorganization for JOMR and JOMH to be filed jointly by the Debtors and the Majority Shareholders if they wish to join.

- Continue to research the Maryland fraudulent conveyance statute briefly cited in an email

---

[1] The last four digits of each Debtor's federal tax identification number are Just One More Restaurant Corp. (5070) and Just One More Holding Corp. (6081). The address of the Debtors is 8955 Fontana Del Sol Way, 2nd Floor, Naples, FL 34109.

9329796-3

received from Fred Newman, counsel for the Minority Shareholders, on 9-17-2019 at 4:22 p.m. (Prevailing Eastern Time).

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

JUST ONE MORE RESTAURANT CORP.,   Case No. 9:19-bk-1947-FMD
and JUST ONE MORE HOLDING CORP.,[1]   (Jointly Administered with
                                     Case No. 9:19-bk-1948-FMD)
        Debtors.                     Chapter 11 Cases
_____/

### Voluntary Weekly Update #3 Made by the Debtors to the Minority Shareholders
October 4, 2019

- Collier County (FL):  Prepared and filed "*Notice of Clarification Regarding Notice of Recording Foreign Judgment*" [the Notice may be accessed in the docket of Case No. 11-2019-CA-003736-0001-XX and a courtesy copy of such Notice is attached hereto as **Exhibit "A"**].

- Suffolk County (N.Y.):  Multiple contacts with the Suffolk County Clerk as the Transcript of Judgment does not yet appear in the public records of Suffolk County; the Clerk has stated that it will take several weeks after the filing of the Transcript of Judgment for the information to appear in the public records of Suffolk County; the Clerk has stated that the public records of Suffolk County are current as of filings made on or before September 6, 2019; the Clerk will not confirm the actual date that the Transcript of Judgment (filed on September 20, 2019) will appear in the County's public records but indicated that it should not be too long a period of time; the Clerk would not provide additional information.

- Talbot County (MD):  Multiple contacts with the Circuit Court for Talbot County (MD); the docket reflects that the Court has not yet issued the "notice" [Case No. C-20-JG-19-000428]; the Clerk claims that the Court's database system, in which the Clerk enters the information from the Judgment that produces the notice, does not have sufficient space for all of the zeros necessary to enter the $120 million amount of the Judgment; the Clerk states that her office is working with Court's IT department to correct database system to allow for entry of the $120 million; Served the counsel for the Majority Shareholders with Petition/Judgment; Prepared/filed certificate of service with the Court.

- Intellectual Property:  Held initial, extensive conference calls with two reputable firms

---

[1] The last four digits of each Debtor's federal tax identification number are Just One More Restaurant Corp. (5070) and Just One More Holding Corp. (6081).  The address of the Debtors is 8955 Fontana Del Sol Way, 2nd Floor, Naples, FL 34109.

9329796-4

which specialize in the disposition of intellectual property regarding marketing of the intellectual property owned by JOMR [*NOTE: If the Minority Shareholders or its counsel have any recommendations for an intellectual property consultant, could you please provide their coordinates and we will contact him/her as well*].

- Other Execution:  Preparing correspondence to the counsel for the Majority Shareholders with respect to the disposition of the non-exempt assets of the Majority Shareholders in the event that there is failure in reaching a two-party deal or a global settlement, including the consensual listing for sale of non-exempt real estate.

- Plan Sponsor:  Discussions with Marc Ganzi (the proposed plan sponsor) over a potential plan of reorganization for JOMR and JOMH.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

JUST ONE MORE RESTAURANT CORP.,      Case No. 9:19-bk-1947-FMD
and JUST ONE MORE HOLDING CORP.,[1]      (Jointly Administered with
                                                      Case No. 9:19-bk-1948-FMD)
       Debtors.                        Chapter 11 Cases
_____/

### Voluntary Weekly Update #4 Made by the Debtors to the Minority Shareholders
October 11, 2019

- Settlement Meeting:  A six-and-one-half-hour settlement meeting was held at the Miami office of Berger Singerman LLP that was attended by (i) Gary Ganzi (the client representative for the Minority Shareholders) and the Minority Shareholders' counsel, Fred Newman, Josh Rievman and Bob Elgidely, (ii) Adam Shiff (in person) and Marc Kasowitz (by phone) who are the counsel for the Majority Shareholders, (iii) Marc Ganzi and Melissa Ganzi (the proposed investors) and their counsel, David Lieberman, and (iv) Gerard A. McHale, in his capacity as the Chief Restructuring Officer of the above-referenced Debtors and counsel for the Debtors, Paul Steven Singerman and Christopher Andrew Jarvinen.  After extensive, good-faith, arms-length negotiations, the parties agreed to a proposed settlement of the Derivative Action and the Judgment to be followed by a letter of intent and definitive documents.

- Collier County (FL):  Prepared and sent letter to the Clerk requesting the cost to order a certified copy of the document served by the Clerk on each of the Majority Shareholders; prepared and filed a supplementary Certificate of Service reflecting service of the *Affidavit of Recording Foreign Judgment Under Florida Enforcement of Foreign Judgments Act* upon counsel for the *Majority* Shareholders; prepared and filed supplementary Certificate of Service reflecting service of the *Affidavit of Recording Foreign Judgment Under Florida Enforcement of Foreign Judgments Act* upon counsel for the Minority Shareholders; prepared and filed supplementary Certificate of Service reflecting service of the *Notice of Clarification Regarding Notice of Recording Judgment* upon counsel for, respectively, the Majority Shareholders and the Minority Shareholders.

- Suffolk County (N.Y.):  Conducted research to confirm that the Transcript of Judgment

---

[1] The last four digits of each Debtor's federal tax identification number are Just One More Restaurant Corp. (5070) and Just One More Holding Corp. (6081).  The address of the Debtors is 8955 Fontana Del Sol Way, 2nd Floor, Naples, FL 34109.

9329796-5

 now appears in the "Judgment" database of Suffolk County.

- Talbot County (MD):  Continued multiple contacts with the Circuit Court for Talbot County (MD); the docket reflects that the Court has not yet issued the "notice" [Case No. C-20-JG-19-000428]; the Clerk claims that the Court's database system, in which the Clerk enters the information from the Judgment that produces the notice, does not have sufficient space for all of the zeros necessary to enter the $120 million amount of the Judgment; the Clerk states that her office is working with Court's IT department to correct database system to allow for entry of the $120 million; prepared and filed supplementary Certificate of Service reflecting service of the *Petition to Record and Index Foreign Judgment* upon counsel for the Minority Shareholders.

- Intellectual Property:  Held follow-up call with a nationally-reputable firm which specialize in the disposition of intellectual property regarding marketing of the intellectual property owned by JOMR [*NOTE: If the Minority Shareholders or its counsel have any recommendations for an intellectual property consultant, could you please provide their coordinates and we will contact him/her as well*].

- Other Execution:  Finalized and sent correspondence to the counsel for the Majority Shareholders with respect to the disposition of the non-exempt assets of the Majority Shareholders in the event that there is failure in reaching a two-party deal or a global settlement, including the consensual listing for sale of non-exempt real estate.

- Plan Sponsor:  Continued discussions with Marc Ganzi (the proposed plan sponsor) over a potential plan of reorganization for JOMR and JOMH.