## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
### www.flmb.uscourts.gov

In re:

JUST ONE MORE RESTAURANT CORP.,  Case No. 9:19-bk-01947-FMD
and JUST ONE MORE HOLDING CORP.,[1] (Jointly administered with
             Case No. 9:19-bk-01948-FMD)
   Debtors.       Chapter 11 Cases

In re:

BRUCE E. BOZZI, SR.,     Case No. 9:19-bk-09677-FMD
            Chapter 7

   Debtor.

In re:

WALTER J. GANZI, JR.,    Case No. 9:19-bk-09680-FMD
            Chapter 7

   Debtor.
_____/

## JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND
## NOTICE OF COMPROMISE OF CONTROVERSIES

---

[1] The last four digits of each Chapter 11 Debtors' (as defined herein) federal tax identification number are Just One More Restaurant Corp. (5070) and Just One More Holding Corp. (6081).  The address of the Chapter 11 Debtors is 8955 Fontana Del Sol Way, 2nd Floor, Naples, Florida 34109.

**NOTICE OF OPPORTUNITY**
**TO OBJECT AND REQUEST FOR HEARING**

The Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 10 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602, and serve a copy on the movant's attorney, Robert A. Schatzman, Esq. and Steven J. Solomon, Esq., GrayRobinson, P.A., 333 S.E. 2nd Avenue, Suite 3200, Miami, FL 33131, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

A Preliminary Hearing will be held on June 22, 2020 at 2:00 p.m. before the Honorable Caryl E. Delano, Chief Bankruptcy Judge, to consider and act upon this Motion.

Pursuant to rules 2002(a) and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bruce E. Bozzi, Sr. ("Bozzi") and Walter J. Ganzi, Jr. ("Ganzi" and together with Bozzi, collectively, the "Chapter 7 Debtors" or the "Majority Shareholders"), through their undersigned counsel, together with Gary Ganzi and Claire Ganzi Breen, individually and as Attorneys-in-Fact for the Estate of Charles Cook (the "Minority Shareholders" and together with the Majority Shareholders, the "Shareholders"), Victor Ganzi ("VG"), and Hoguet Newman Regal & Kenney, LLP ("HNRK") (collectively, the "Parties" or "Movants"), hereby file this joint motion (the "Motion") on negative notice seeking the entry of an order, substantially in the form attached hereto as **Exhibit "A"** (the "Settlement Order") authorizing and approving, effective as of the date the Settlement Order becomes a final non-

2

appealable order (the "Settlement Order Effective Date"), the terms of the Settlement Agreement dated June 17, 2020 attached hereto as **Exhibit "B"** (the "Settlement Agreement")[2] by and between the Parties. In support of this Motion, the Parties respectfully state as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Chapter 7 Debtors' bankruptcy cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.       The statutory predicates for the relief requested herein are section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9019(a) of the Bankruptcy Rules, and rules 2002-4(a), 9013-1(b)-(c)(1) and 9072-1(c)(2) of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (eff. July 1, 2019) (the "Local Rules").

## BACKGROUND

A.       **The Chapter 11 Debtors**

3.       On March 7, 2019 (the "Chapter 11 Petition Date"), each of Just One More Restaurant Corp. ("JOMR") and Just One More Holding Company ("JOMH") (collectively, the "Chapter 11 Debtors")[3] commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

4.       The Chapter 11 Debtors are managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

[3] The last four digits of each Chapter 11 Debtor's federal tax identification number are Just One More Restaurant Corp. (5070) and Just One More Holding Corp. (6081).  The address of the Chapter 11 Debtors is 8955 Fontana Del Sol Way, 2nd Floor, Naples, FL 34109.

5.      On April 16, 2019, the Court entered an order authorizing the Chapter 11 Debtors to appoint Gerard A. McHale, Jr. as the Chief Restructuring Officer (the "CRO") of each of the Chapter 11 Debtors [JOMR/JOMH, Case No. 9:19-bk-01947-FMD, Docket No. 139].

6.      On May 13, 2019, the United States Trustee (the "U.S. Trustee") filed a notice with the Court indicating that the U.S. Trustee will not appoint a committee of unsecured creditors.

7.      For a detailed description of the Chapter 11 Debtors, Movants respectfully refer the Court and parties in interest to the *Declaration of Chief Restructuring Officer, Gerard A. McHale, in Support of Chapter 11 Petitions and First Day Pleadings* [JOMR/JOMH, Case No. 9:19-bk-01947-FMD, Docket No. 7] (the "First Day Declaration") filed on the Chapter 11 Petition Date, which the Movants incorporate herein by reference.

**B.      The Chapter 7 Debtors**

8.      On October 11, 2019 (the "Chapter 7 Petition Date", and together with the Chapter 11 Petition Date, collectively, the "Petition Dates"), each of the Chapter 7 Debtors filed voluntary petitions seeking relief under Chapter 7 of the Bankruptcy Code.

9.      Robert E. Tardif, Jr. has been appointed as the Chapter 7 Trustee (the "Trustee") in each of the cases of the Chapter 7 Debtors.

10.      On December 4, 2019, the Trustee filed in each of the Chapter 7 Debtors' cases an *Amended Motion for Entry of an Order Authorizing the Trustee to Exercise the Debtor's Rights and Interests in the Corporate Entity* [Bozzi, Case No. 9:19-bk-09677-FMD, Docket No.

52; Ganzi, Case No. 9:19-bk-09680-FMD, Docket No. 47] (collectively, the "Initial Palm OpCos Authorization Motions").[4]

11.    In the Initial Palm OpCos Authorization Motions, the Trustee sought authority to exercise the ownership interests of the Chapter 7 Debtors in all but two of the business entities involved in the Palm OpCos Authorization Motions (collectively, the "Original Palm OpCos").[5]

12.    On December 11, 2019, the Court entered orders granting the Initial Palm OpCos Authorization Motions [Bozzi, Case No. 9:19-bk-09677-FMD, Docket No. 58; Ganzi, Case No. 9:19-bk-09680-FMD, Docket No. 55] (collectively, the "Initial Palm OpCos Authorization Orders").

13.    On February 10, 2020, the Trustee filed in each of the Chapter 7 Cases a *Supplemental Motion for Entry of an Order Authorizing the Trustee to Exercise the Debtor's Rights and Interests in Corporate Entity* [Bozzi, Case No. 9:19-bk-09677-FMD, Docket No. 112; Ganzi, Case No. 9:19-bk-09680-FMD, Docket No. 94] (collectively, the "Supplemental Palm OpCos Authorization Motions" and together with the Initial Palm OpCos Authorization Motions, the "Palm OpCos Authorization Motions").

14.    In the Supplemental Palm OpCos Authorization Motions, the Trustee sought authority to exercise the ownership' interests in two additional entities which the Trustee's investigation revealed are directly owned by the Chapter 7 Debtors—BB Chicago, LLC (an entity owned 100% by Bozzi) and WG Chicago, LLC (an entity owned 100% by Ganzi) (the

---

[4] The Initial Palm OpCos Authorization Motions amended the *Motion for Entry of an Order Authorizing the Trustee to Exercise Debtor's Rights and Interests in Corporate Entity* filed in each of the Chapter 7 Debtors' cases. *See* Bozzi, Case No. 9:19-bk-09677-FMD, Doc. 32; Ganzi, Case No. 9:19-bk-09680-FMD, Doc. 24.

[5] As explained below, the Trustee did not initially seek authority to exercise the ownership interests of the Chapter 7 Debtors in BB Chicago, LLC and WG Chicago, LLC.

Original Palm OpCos, BB Chicago, LLC and WG Chicago, LLC are collectively referred to herein as the "Palm OpCos").

15.     On February 20, 2020, the Court entered orders granting the Supplemental Palm OpCos Authorization Motions [Bozzi, Case No. 9:19-bk-09677-FMD, Docket No. 136; Ganzi, Case No. 9:19-bk-09680-FMD, Docket No. 117] (collectively, the "Supplemental Palm OpCos Authorization Orders" and together with the Initial Palm OpCos Authorization Orders, collectively, the "Palm OpCos Authorization Orders").

**C.     The Derivative Action and the Fees Award**

16.     The Majority Shareholders and the Minority Shareholders represent and warrant that they together own 100% of the issued and outstanding stock of JOMR and JOMH.

17.     The Majority Shareholders and the Minority Shareholders are the adverse parties in that certain action pending before the New York Supreme Court, Commercial Division, *Ganzi v. Ganzi,* Index No. 653074/2012 (the "Derivative Action").

18.     The Minority Shareholders have obtained, on behalf of JOMR and JOMH, a judgment against the Majority Shareholders in the amount of $126,058,033 in the Derivative Action (the "Judgment").  The Appellate Division, First Department of the New York Supreme Court unanimously affirmed the Judgment.

19.     The trial court in the Derivative Action awarded $4,566,296.93 in legal fees and expenses for the successful prosecution of the Derivative Action for HNRK's work (the "Fees Award").  The Majority Shareholders have appealed the Fees Award.

20.     The Parties have various interests in the four bankruptcy cases pending before the United States Bankruptcy Court for the Middle District of Florida, namely the Chapter 11 filings by JOMR and JOMH, consolidated for administrative purposes only as Case No. 9:19-bk-01947-

FMD, and the Chapter 7 bankruptcy cases of Bruce E. Bozzi, Sr., 9:19-bk-09677-FMD and

Walter J. Ganzi, Jr. 9:19-bk-09680-FMD (hereinafter collectively referred to as the "Bankruptcy

Cases").

21.    The pending appeals of the Fees Award by the Majority Shareholders were

abandoned on January 24, 2020 by *Notices of Abandonment of Property of the Estate* filed in the

Chapter 7 Cases by the Trustee [*See* Bozzi, Case No. 9:19-bk-09677-FMD, Docket No. 94;

Ganzi, Case No. 9:19-bk-09680-FMD, Docket No. 85] without objection, thereby resulting in the

reversion and ownership of any challenges, including any appellate remedies, with respect to the

Fees Award, to the Majority Shareholders.

## THE SETTLEMENT AGREEMENT

22.    A copy of the Settlement Agreement is attached hereto as **Exhibit "B"**, and its

significant terms are as follows:[6]

> a.    The Parties will support payment or distribution from the Bankruptcy
> Cases to the Majority Shareholders for deferred compensation owed of
> $136,466.67 each upon the Settlement Order Effective Date.
>
> b.    The Parties will support payment or distribution from VG to the Majority
> Shareholders for reimbursement of maintenance costs for their Maryland and
> Florida properties (the "Mortgaged Properties"), respectively, in the amounts as
> follows: $69,129.90 to Walter J. Ganzi, Jr. (the "Ganzi Reimbursement") and
> $26,272.00 to Bruce E. Bozzi, Sr. (the "Bozzi Reimbursement") in consideration
> for the transfer of the Mortgaged Properties delineated in Paragraph 7 of the
> Settlement Agreement.  The Parties will support payment or distribution to Bruce
> E. Bozzi, Sr. in the additional amount of $39,408.50 directly from the Trustee to
> be paid from the Chapter 7 estate of Bruce E. Bozzi Sr. as reimbursement of
> certain post-petition maintenance costs incurred by Mr. Bozzi in connection with
> real property located in Long Island, New York (the "Bozzi Additional
> Reimbursement," and together with the Ganzi Reimbursement and the Bozzi
> Reimbursement, collectively, the "Reimbursements").   The Reimbursements
> shall be paid to the Majority Shareholders consistent with the payment terms
> contained in Paragraph 7 of the Settlement Agreement.  To the extent there is an
> unresolved challenge to the Mortgages (as defined herein) owned and held by

---

[6] In the event of a discrepancy between the summary of the Settlement Agreement contained in this Motion and the
Settlement Agreement itself, the terms of the Settlement Agreement shall control.

VG encumbering the Mortgaged Properties and additionally subject to Paragraph 34 of the Settlement Agreement: (i) VG shall not be obligated to make either the Ganzi Reimbursement or the Bozzi Reimbursement; (ii) the Parties agree that the Reimbursements are obligations of the estates of the Chapter 7 Cases and each Party shall have the right to seek to have the Trustee pay the Reimbursements; and (iii) the Parties agree and hereby consent to the payment of the Reimbursements by the Trustee.

c.      In settlement of the Fees Award, the Parties agree as follows:

      i.      The Majority Shareholders agree to discontinue, with prejudice, their appeals of the Fees Award;

      ii.     The Shareholders agree that the Fees Award is properly enforceable against JOMR as a prevailing plaintiff pursuant to New York General Business Law §626(e) and not against the Majority Shareholders personally, as determined by the trial court in the Derivative Action; and

      iii.    The Parties agree that HNRK shall be entitled to an allowed general unsecured claim in the Chapter 11 Case of JOMR of $4,566,296.93.

d.      Contingent upon the consent of both, the Trustee and the CRO and subject to Paragraph 34 of the Settlement Agreement, the Parties shall not object to the amount, extent, validity, and priority of:

      i.      VG's proofs of claims filed in the Chapter 7 Cases, which are as follows: (a) Proof of Claim No. 6 filed by VG on December 18, 2019 in the Bozzi Chapter 7 Case; and (b) Proof of Claim No. 7 filed by VG on December 18, 2019 in the Ganzi Chapter 7 Case;

      ii.     that certain Mortgage, dated January 3, 2018, which encumbers real property located at 1511 Gulf of Mexico Drive, Unit 202, Longboat Key, in Sarasota County, Florida 34228 owned by Bruce E. Bozzi, Sr., as detailed in Proof of Claim No. 6 filed by VG in the Bozzi Chapter 7 Case; and

      iii.    that certain Mortgage dated December 15, 2017, which encumbers real property located at 8941 Bozman Neavitt Road, St. Michaels, Maryland 21663 owned by Walter J. Ganzi, Jr., as detailed in Proof of Claim No. 7 filed by VG in the Ganzi Chapter 7 Case (together, the "Mortgages").

e.      Within five (5) business days after the Settlement Order approving this Agreement is final and non-appealable, the Trustee shall convey title to the

Mortgaged Properties to VG by executing separate quitclaim deeds for the Mortgaged Properties, each of which shall contain non-merger language acceptable to VG. In addition to the foregoing, and as additional consideration hereunder, VG shall receive from the Shareholders 14% of the residual value of the Shareholders' equity interests in JOMR after the payment of creditors with allowed claims in the JOMR Chapter 11 Case. In consideration of such, together with the consent of the Trustee and the CRO, VG shall waive any and all rights that he currently has pursuant to that certain Option Agreement dated March 22, 2017, by and between Walter J. Ganzi, Jr. and VG. For the avoidance of doubt, VG shall not be a shareholder of JOMR, JOMH or any other entity described in the Settlement Agreement. In addition to the Mortgaged Properties, VG shall be entitled to a distribution from the Bankruptcy Cases described in Paragraph 12 of the Settlement Agreement. Upon the consent of both, the Trustee and the CRO, VG shall also waive any right to receive any distribution on his unsecured proofs of claims filed in the Chapter 7 Cases and any deficiency claim resulting from the sale of the Mortgaged Properties. Within five (5) business days of VG's receipt of the quitclaim deeds for the Mortgaged Properties as delineated herein, the Reimbursements shall be paid to the Majority Shareholders.

f.      The Parties shall not object to the Majority Shareholders' claimed exemptions in the Chapter 7 Cases. The Parties shall not file any written objections or adversary proceedings in connection with the claimed exemptions, shall not cooperate with any other party in interest in pursuing such objections, and shall not seek any further extensions of time to file any such objections. In fact, the Parties shall affirmatively support the Majority Shareholders' claimed exemptions.

g.      The Parties shall not challenge in an adversary proceeding or contested matter the Majority Shareholders' discharge or the dischargeability of any particular debt of the Majority Shareholders. The Parties shall not file an adversary complaint or cooperate with any other party in interest in pursuing any such challenge. None of the Parties will seek any further extensions of time to file any such actions. In fact, the Parties shall affirmatively support the Majority Shareholders' discharge.

h.      The Majority Shareholders acknowledge that on May 7, 2020, the Appellate Division, First Department, of the New York Supreme Court unanimously affirmed the Judgment in the Derivative Action, and the Majority Shareholders agree that they will take no further action to reargue, appeal, review or modify the Judgment or the Fees Award.

i.      The Parties acknowledge that the Judgment contained an award of $2,957,230.78 in favor of JOMH against the Majority Shareholders (*see* Judgment, ¶ 3) and an award of $651,087.66 in favor of the Minority Shareholders directly against the Majority Shareholders (*see* Judgment, ¶ 4). JOMH and the Minority Shareholders have filed valid Proofs of Claims in each

of the Chapter 7 Cases of the Majority Shareholders in at least those amounts (the "Proofs of Claims").  As a part of this settlement related to the Proofs of Claims, the Parties agree that up to $3,000,000 (net of taxes, carrying costs, and bankruptcy administrative fees and costs) shall be allocated from the sale proceeds of the two Long Island, New York properties formerly owned by Bruce E. Bozzi, Sr. and sold by the Trustee, and non-exempt personal property of the Debtors, if any, to JOMH as the portion of the Judgment attributed to JOMH's claims determined in its favor in the Judgment and any remaining direct claims by the Minority Shareholders.  The Parties will support that allocation with the Trustee.  It is further agreed by the Parties hereto that the Minority Shareholders are entitled to 100% of any equity interest surplus in the JOMH Chapter 11 Case (i.e., any funds remaining in the JOMH Chapter 11 Case after final distributions are made therein to the holders of allowed claims under the Bankruptcy Code in the JOMH Chapter 11 Case).

j.      The Parties agree that 100% of any remaining equity interest surplus in the JOMR Chapter 11 Case (i.e., any funds remaining in the JOMR Chapter 11 Case after final distributions are made therein to the holders of allowed claims under the Bankruptcy Code in the JOMR Chapter 11 Case) shall be distributed as follows: 86% to the Minority Shareholders and 14% to VG.   Subject to Paragraph 34 of the Settlement Agreement, the Trustee's and the CRO's statutory fees and/or administrative expense claims shall not be chargeable against the equity interest surplus of the JOMR estate which shall be directly distributed to the Minority Shareholders and VG consistent with the foregoing.

k.      The Settlement Order shall also provide that, in further consideration of the provisions contained in the Settlement Agreement upon which the Parties have relied in entering into the Settlement Agreement, and subject to Paragraph 34 thereto, the Trustee and the CRO, on behalf of JOMR and JOMH, shall be similarly bound by the: (i) waiver of any adversary complaint, objection, or challenge to the (x) exemptions claimed by the Majority Shareholders, (y) the discharge of the Majority Shareholders, and (z) the dischargeability of any debt of either of the Majority Shareholders and the Settlement Order, in the same manner as the Minority Shareholders are bound pursuant to Paragraphs 8 and 9 of the Settlement Agreement; and (ii) general release provisions contained in Article III, all of which shall be set forth in the decretal portion of the Settlement Order with representations that such provisions have been reviewed and approved by the Trustee, CRO, JOMR, and JOMH (the "Joinder").

l.      The Parties agree to work collaboratively in good faith with the Trustee, as well as with JOMR and JOMH (through the CRO), to maximize the cash value of the bankruptcy estates, with respect to the legal and proper tax treatment of the recent asset and stock sales.  The Minority Shareholders will provide the services of their tax accountant, Phil Liscia, at their own expense, for the purpose of consummating this Agreement in the most tax efficient manner for the Shareholders.  For the avoidance of doubt, the Trustee, JOMR and JOMH are not

bound by any suggestions or determinations made by Phil Liscia. Notwithstanding the foregoing, this Agreement is not subject to any particular outcome relating to the allocation of sale proceeds or the tax treatment of the asset and stock sales to Golden Nugget and the other assets of the Chapter 7 estates. All federal, state, and local taxes due and owing by the bankruptcy estates shall be determined in cooperation with the fiduciaries of the Bankruptcy Cases. Subject to Paragraph 34, the taxes incurred by each of the bankruptcy estates as a direct result of the post-petition sale or transfer of assets and equity security interests shall be paid by the Trustee, JOMR and/or JOMH, as the case may be, in accordance with the priority provided for such taxes under the Bankruptcy Code. The allowed prepetition priority unsecured taxes will be paid either together with or after the payment of all allowed administrative expenses and prior to any distributions to general unsecured creditors or to the Shareholders with respect to the equity interest surplus, and before the dismissal of the Chapter 11 Cases and entry of final decrees in the Chapter 7 Cases. In recognition of the fact that JOMR and JOMH are Subchapter S corporations, with respect to the distribution of any equity interest surplus to the Shareholders, the federal, state, and local income tax consequences shall be different for each Shareholder, and each Shareholder shall be solely responsible for his or her own tax liabilities relating to the respective distributions.

m.      To the extent consistent with the most favorable tax treatment, as well as the fiduciary obligations of the Trustee and the CRO under the Bankruptcy Code and relevant law, and subject to Paragraph 34 of the Settlement Agreement, the Parties agree that the amounts distributed to the Shareholders should be classified as a "liquidating distribution" and that the Chapter 11 Cases should be dismissed and JOMR and JOMH thereafter dissolved as expeditiously as possible following entry of the Settlement Order, but in no event later than December 31, 2020 with a Final Short Year tax return filed covering January 1, 2020 through the date of dissolution. In addition and subject to Paragraph 34 of the Settlement Agreement, the Trustee and the CRO shall file all relevant applications permitted under 11 U.S.C. § 505(b)(2) in order to expedite an examination, if any, of all filed returns by any governmental unit charged with the responsibility for the collection or determination of such taxes.

n.      Release of Minority Shareholders, HNRK, and VG ("Minority Releasees") by Majority Shareholders ("Majority Releasors").      Upon the Settlement Order Effective Date, the Majority Releasors (and their respective successors), shall forever waive, release, and discharge the Minority Releasees and their predecessors, successors, assignors or assignees, heirs, executors, administrators, agents, attorneys, spouses, and lineal descendants of and from any and all manner of actions, causes of action, suits, obligations, debts, liabilities, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims (within the meaning of Section 101(5) of the Bankruptcy Code) and demands, whether at law or in equity, whether known, unknown, or

hereafter becoming known, whether at law or in equity, whether suspected or unsuspected or by reason of any matter, cause, or thing, including, without limitation, any claim arising under Chapter 5 of the Bankruptcy Code provided, however, that nothing therein shall be deemed or construed as a waiver of any rights or claims based upon any alleged breach of the Settlement Agreement.

o.    Release of Majority Shareholders and VG ("Majority Releasees") by the Minority Shareholders and HNRK ("Minority Releasors").  Upon the Settlement Order Effective Date, the Minority Releasors (and their respective successors) shall forever waive, release, and discharge the Majority Releasees and their predecessors, successors, assignors or assignees, heirs, executors, administrators, agents, attorneys, spouses and lineal descendants, of and from any and all manner of actions, causes of action, suits, obligations, debts, liabilities, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims (within the meaning of Section 101(5) of the Bankruptcy Code) and demands, whether at law or in equity, whether known, unknown, or hereafter becoming known, whether at law or in equity, whether suspected or unsuspected or by reason of any matter, cause, or thing, including, without limitation, any claim arising under Chapter 5 of the Bankruptcy Code provided, however, that nothing therein shall be deemed or construed as a waiver of any rights or claims based upon any alleged breach of the Settlement Agreement.

p.    Release of Shareholders and HNRK ("Shareholders and HNRK Releasees") by VG.  Upon the Settlement Order Effective Date, VG (and his successors) shall forever waive, release, and discharge the Shareholders and HNRK Releasees and their predecessors, successors, assignors or assignees, heirs, executors, administrators, agents, attorneys, spouses and lineal descendants, of and from any and all manner of actions, causes of action, suits, obligations, debts, liabilities, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims (within the meaning of Section 101(5) of the Bankruptcy Code) and demands, whether at law or in equity, whether known, unknown, or hereafter becoming known, whether at law or in equity, whether suspected or unsuspected or by reason of any matter, cause, or thing, including, without limitation, any claim arising under Chapter 5 of the Bankruptcy Code provided, however, that nothing therein shall be deemed or construed as a waiver of any rights or claims based upon any alleged breach of the Settlement Agreement.

## **RELIEF REQUESTED**

23.    By this Motion, the Movants seek the entry of an order substantially in the form and substance attached hereto as **Exhibit "A"** approving the Settlement Agreement, effective as of June 17, 2020, and granting related relief.

24.    As disclosed in Paragraph 22k, *supra,* and in Paragraph 13 of the Settlement Agreement, the Trustee, JOMR and JOMH consent to the entry of the attached order and agree to be similarly bound by the: (i) waiver of any adversary complaint, objection, or challenge to the (x) exemptions claimed by the Majority Shareholders, (y) the discharge of the Majority Shareholders, or (z) the dischargeability of any debt of either of the Majority Shareholders and the Settlement Order, in the same manner as the Minority Shareholders are bound pursuant to Paragraphs 8 and 9 of the Settlement Agreement; and (ii) general release provisions contained in Article III of the Settlement Agreement, all of which shall be set forth in the decretal portion of the Settlement Order.

25.    This compromise resolves all issues in dispute among the Parties, including the Derivative Action and the Fees Award, and the appeals thereof.  Under the circumstances, as proposed, this compromise is both fair and reasonable and well within the range of reasonableness given the positions of the Parties in these proceedings.  In negotiating and participating in the Settlement Agreement and the compromise set forth above, the Parties have fully considered all factors that this Court should consider in evaluating the reasonableness of the compromise.  In particular, the Parties, in careful consideration of controlling law, as well as all facts relevant to the consideration of this Motion, represent to the Court that each of the elements of the Eleventh Circuit's decision in *Justice Oaks* has been satisfied in connection with this

compromise and settlement.  Accordingly, the Settlement Agreement should be approved by the Court.[7]

**A.**    **The probability of success in litigation.**

26.    The controlling law and facts, as currently understood by the Parties, justify approval of the contemplated compromise based upon the fact that the result achieved falls within the range of foreseeable results that could be expected if all pending matters were prosecuted to their conclusion.  As to the appeals of the Fees Award, the Chapter 7 Debtors will receive the result that they believe they are entitled to, and the Fees Award will properly be a claim in the JOMR Chapter 11 case.  Related to the denial of the discharge or objection to dischargeability, the determination is fact intensive, and the standard is very high to promote the policy of a debtor receiving a fresh start.  The Chapter 7 Debtors believe they hold a strong position should an objection to discharge or to the dischargeability of a debt be filed, as the Chapter 7 Debtors committed no acts sufficient to meet either the standards of 11 U.S.C. §§ 727 or 523, or prevailing case law. As to the Debtors' claimed exemptions under 11 U.S.C. § 522, the Chapter 7 Debtors believe that all claimed exemptions, if challenged, will be upheld by the Bankruptcy Court, and will not be included in the Chapter 7 estates.

**B.**    **The difficulties, if any, to be encountered in the manner of collection.**

27.    The Chapter 7 Debtors believe they hold a strong position in connection with the appeal of the Fees Award and with respect to any objection to discharge or to the dischargeability of a debt.  The appeal of the Fees Award will be a lengthy and expensive process.  An objection to discharge or to the dischargeability of a debt will embrace highly fact intensive issues, thus requiring the objecting creditors to proceed to trial, which always bares the risk of loss.  Even if the creditors were successful and the discharges denied or the dischargeability of the JOMR debt

---

[7] *See In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir.), *cert. denied*, 498 U.S. 959 (1990).

14

was denied, there would be insufficient funds available from the Debtors' estates to even satisfy the costs of such litigation. Similarly, there would be insufficient funds to litigate objections to the Chapter 7 Debtors' exemptions. Consequently, any success would not increase or improve the positions provided for in the Settlement. Moreover, the Chapter 7 Debtors would continue their pursuit of the appeals which may also result in a favorable outcome for the Chapter 7 Debtors, but at considerable time and expense to the Chapter 7 Debtors' estates.

**C.**     **The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it.**

28.     The time, expense, and diversion of other resources that would be allocated to continued prosecution of the appeal of the Fees Award, the potential objections to discharge, and the defenses thereto all militate in favor of settlement. Specifically, all matters pending in these related proceedings have been lengthy and highly contested. The Parties could incur additional significant fees by litigating the remaining issues in potential adversary proceedings, contested evidentiary matters, and various appeals. Such litigation would invariably deplete the remaining resources of these estates without commensurate value, in the unlikely event they prevail. Continued pursuit of the appeal, potential adversary proceedings, and further litigation will require the additional outlay of attorneys' fees for all Parties, and will not likely result in an improved recovery for creditors, particularly the Minority Shareholders. In fact, the creditors will likely recover less if there is continued litigation in multiple forums. If the Chapter 7 Debtors are successful in any of these proceedings, there will be a diminished recovery to creditors due to the anticipated substantial increase in attorneys' fees and costs to all Parties.

#### D.   The paramount interest of the creditors with a proper deference to their reasonable views in the premises.

29.     The paramount interest of the creditors with a proper deference to their reasonable

views will be substantially furthered, upon consideration of the fact that JOMR, JOMH, and

HNRK comprise approximately 93% of the debt of these two Chapter 7 estates.  The Parties

approve the settlement as it eliminates the risk of further diminution of estate assets prompted

by the fees and costs attendant to continued litigation and appeals.  By resolving and settling the

pending appeals, and the potential discharge and exemption litigation, along with the potential

challenge to the Mortgages held by VG, the Chapter 7 estates avoid the delay and cost of such

litigation.  As a result, the settlement provides the Parties with clear direction as to who is

responsible for the payment of the Fees Award, what assets are available for distribution to the

Chapter 7 and 11 estates, as well as the Chapter 7 Debtors' entitlement to a discharge of all

debts coupled with the allowance of all exemptions, without the additional time and costs

associated with the pending and potential litigation.  Since the Fees Award will be paid from the

JOMR estate, the Chapter 7 Debtors' estates will have a substantially higher distribution than

they would otherwise receive if the Fees Award were to be paid by the Chapter 7 Debtors.

Moreover, the Parties believe the settlement is fair and reasonable with respect to all creditors.

#### BASIS TO APPROVE THE COMPROMISE

30.     Rule 9019 of the Federal Rules of Bankruptcy Procedure and Rule 2002-4 of the

Local Rules of the United States Bankruptcy Court for the Middle District of Florida, provide for

the approval of compromises on motion after notice and a hearing.  This Court has broad

discretion to approve a compromise and, it should do so unless the proposed settlement "falls

below the lowest point in the range of reasonableness."  *See In re Bicoastal Corporation*, 164

B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (citing *In re W.T. Grant Co.,* 699 F.2d 599 (2d Cir.

1983), *cert. denied*, 464 U.S. 822 (1983)).   Bankruptcy Courts have wide discretion when approving compromises of controversies, and appellate courts will generally not substitute their judgment for that of the Bankruptcy Court absent an abuse of discretion.  *In re Mack,* 2006 WL 4120007 (Bankr. M.D. Fla. Dec. 19, 2006).   Compromises are generally favored under the Bankruptcy Code, and the approval of a compromise rests in the sound discretion of the Bankruptcy Court.  *See Bicoastal*, 164 B.R. at 1016.

31.    In *In re Justice Oaks II, Ltd.*, the Eleventh Circuit enunciated the analysis this Court should use in evaluating the proposed compromise embodied herein. 898 F.2d at 1544. In determining whether to approve or disapprove the proposed compromise, this Court must consider: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.  The Parties submit that the proposed compromise is in the best interests of the Parties, and therefore, satisfies the factors set forth by the Eleventh Circuit in *In re Justice Oaks II, Ltd.*

32.    The Parties believe that it is in their best interest to settle all disputes among them as contemplated herein.  The Parties believe that the continued litigation could produce a less favorable result for creditors than the terms and conditions that have been negotiated and articulated in the Settlement Agreement.

**WHEREFORE**, the Parties respectfully request that the Court enter an order, substantially in the form of the Settlement Order: (i) approving the compromise reached among the Parties as set forth in the Settlement Agreement; (ii) authorizing the Parties to take all actions

necessary to consummate the Settlement Agreement; and (iii) granting such further relief as is necessary and appropriate.

Date: June 17, 2020.                      Respectfully submitted,

GRAYROBINSON, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Robert.Schatzman@gray-robinson.com
Telephone:     (305) 416-6880
Facsimile:      (305) 416-6887
By:  */s/ Robert A. Schatzman*
      Robert A. Schatzman, Esq.
      Fla. Bar No. 139008
      *Counsel for the Chapter 7*
      *Debtors*

HOGUET NEWMAN REGAL & KENNEY, LLP
One Grand Central Place
60 E. 42nd St., 48th Fl.
New York, New York 10016
Telephone: (212) 689-8808
By:  */s/ Fredric S. Newman*
      Fredric S. Newman
      Specially admitted pro hac vice counsel
      *Counsel for the Minority Shareholders*

DUNNING RIEVMAN & DAVIES, LLP
434 W. 33rd St.
New York, New York 10001
Telephone: (646) 435-0027
By:  */s/ Joshua D. Rievman*
      Joshua D. Rievman
      Specially admitted pro hac vice counsel
      *Counsel for the Minority Shareholders*

      -and-

MCDERMOTT WILL & EMERY LLP

By: */s/ Craig V. Rasile*
Craig V. Rasile (FBN 613691)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336
Telephone: (305) 358-3500
Facsimile: (305) 347-6500
Email: crasile@mwe.com

*Counsel for Victor F. Ganzi*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as reflected on the attached Electronic Mail Notice List and via U.S. First Class Mail, postage prepaid, upon all parties on the attached Creditor Matrices, unless otherwise served electronically through the Court's CM/ECF system on this 17th day of June 2020.

*/s/ Craig V. Rasile*
Craig V. Rasile (FBN 613691)

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Amanda E Reagan on behalf of Interested Party MCP II Jefferson, LLC
  amy.reagan@dlapiper.com, sheila.hall@dlapiper.com; kristy.grace@dlapiper.com
- Andrew T. Jenkins   ajenkins@bushross.com,
  mlinares@bushross.com;ksprehn@bushross.com
- Benjamin E. Lambers Ben.E.Lambers@usdoj.gov
- Brenda E Carpenter FLMD.bankruptcy@phelanhallinan.com,
  Stefan.Beuge@phelanhallinan.com
- Christopher A Jarvinen         cjarvinen@bergersingerman.com,
  efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- Craig V Rasile         crasile@mwe.com
- Eric D Jacobs         ejacobs@gjb-law.com, gjbecf@ecf.courtdrive.com;gjbecf@gjb-
  law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;btraina@gjb-
  law.com;mrodriguez-salva@gjb-law.com
- Fredric S. Newman  fnewman@hnrklaw.com, docket@hnrklaw.com
- Gerard A McHale    jerrym@thereceiver.net
- Gregg A Steinman    gsteinman@mwe.com
- J Michael Kelly on behalf of Creditor Cooley LLP
  kellyjm@cooley.com
- J Steven Wilkes         steven.wilkes@usdoj.gov
- John P Dillman         houston_bankruptcy@publicans.com
- Joshua D Rievman    jrievman@drdllplaw.com
- Julia A May         juliamay@mvalaw.com
- Marian G Kennady  mkennady@reedsmith.com, khernandez@reedsmith.com
- Matthew V Spero    matthew.spero@rivkin.com
- Megan Preusker    mpreusker@mwe.com
- Paul A Avron         pavron@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com;mmorgan@bergersingerman.com
- Paul Steven Singerman         singerman@bergersingerman.com,
  efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- Robert A. Schatzman  robert.schatzman@gray-robinson.com, Amador.Ruiz-Baliu@gray-
  robinson.com;Ana.Marmanillo@gray-robinson.com
- Robert E Tardif         rtardif@comcast.net,
  graceheidkamp@gmail.com;blkenney2@comcast.net;rtardif@ecf.axosfs.com;ecf.alert+T
  ardif@titlexi.com
- Robert E Tardif, Attorney for Trustee         rtardif@comcast.net,
  graceheidkamp@gmail.com;blkenney2@comcast.net
- Robert F Elgidely    relgidely@foxrothschild.com, mmiller-
  hayle@foxrothschild.com;rsolomon@foxrothschild.com;AngelaTerrell@foxrothschild.c
  om

- Steven J Solomon    steven.solomon@gray-robinson.com, Ana.Marmanillo@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- United States Trustee - FTM7/13    USTPRegion21.TP.ECF@USDOJ.GOV
- United States Trustee - TPA7/13    USTPRegion21.TP.ECF@USDOJ.GOV

Label Matrix for local noticing
113A-9
Case 9:19-bk-01947-FMD
Middle District of Florida
Ft. Myers
Tue Jun 16 17:11:44 EDT 2020

200 Chambers, LLC
c/o Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-0926

Michele L. Angell
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Bank of America, N.A.
c/o Andrew T. Jenkins, Esq.
Bush Ross, PA
PO Box 3913
Tampa, FL 33601-3913

Bruce E Bozzi, Sr.
Robert A. Schatzman, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Ave., #3200
Miami, FL 33131-2191

David L. Eades
Moore & Van Allen, PLLC
100 North Tryon Street
Suite 4700
Charlotte, NC 28202-4003

Scott Esterbrook
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103-2762

Walter J Ganzi, Jr.
c/o Robert A. Schatzman, Esq.
GrayRobinson, P.A.
333 S.E. 2nd Ave., #3200
Miami, FL 33131-2191

Stephen E. Gruendel
Moore & VanAllen
100 North Tryon St., Ste. 4700
Charlotte, NC 28202-4003

Harris County
Linebarger Goggan Blair & Sampson
c/o John P. Dillman
Post Office Box 3064
Houston, TX 77253-3064

Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 E. 42nd Street
48th Floor
New York, NY 10165-3003

Just One More Holding Corp.
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428

Just One More Restaurant Corp.
Just One More Holding Corp.9:19-bk-01948
Jointly Administered
8955 Fontana Del Sol Way, 2nd Floor
Naples, FL 34109-4428

Marc E Kasowitz
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Sarmad M. Khojasteh
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Raymond James & Associates, Inc.
880 Carillon Parkway
St Petersburg, FL 33716-1100

David S. Rosner
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

SF V CLE Lending, LLC
c/o Reed Smith LLP
1001 Brickell Bay Dr.
Suite 900
Miami, FL 33131-4937

Adam L. Shiff
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Adam L. Shiff, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Alan Levine, Esq.
Cooley LLP
1114 Avenue of the Americas
46th Floor
New York, NY 10036-7703

Atlanta Palm Food Corp.
c/o The Palm Atlanta
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Atlantic City Palm, LLC
c/o The Palm Atlantic City
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Bank of America, N.A.
P.O. Box 448
Location Code SC3-240-03-05
Columbia, SC 29202-0448

Bank of America, National Association
c/o Andrew T Jenkins, Esq
Bush Ross, PA
PO Box 3913
Tampa, FL  33601-3913

Boston Palm Corporation
c/o The Palm Boston
1730 Rhode Island AVe., N.W.
#900
Washington, DC 20036-3113

Bruce E Bozzi, Jr and Walter J Ganzi, Jr
c/o David S Rosner
1633 Broadway
New York, NY 10019-6708

Bruce E Bozzi, Sr
c/o Robert A Schatzman, Esq
GrayRobinson, PA
333 SE 2nd Ave, Suite 3200
Miami, FL 33131-2191

Bruce E Bozzi, Sr
c/o Steve J Solomon, Esq
GrayRobinson, PA
333 SE 2nd Ave, Suite 3200
Miami, FL 33131-2191

Bruce E Bozzi, Sr & Walter J Ganzi Jr
c/o Michele L Angell
1633 Broadway
New York, NY 10019-6708

Bruce E Bozzi, Sr and Walter J Ganzi, Jr
c/o Adam L Shiff
1633 Broadway
New York, NY 10019-6708

Bruce E Bozzi, Sr and Walter J Ganzi, Jr
c/o Marc E Kasowitz
1633 Broadway
New York, NY 10019-6708

Bruce E Bozzi, Sr and Walter J Ganzi, Jr
c/o Sarmad M Khojasteh
1633 Broadway
New York, NY 10019-6708

Bruce E. Bozzi, Sr.
2161 Gulf of Mexico Drive
Apt. 3B-1
Longboat Key, FL 34228-5230

Charlotte Palm Corporation
c/o The Palm Charlotte
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Chicago Palm, Inc.
c/o The Palm Chicago
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Claire Breen
7 Ryan Street
Syosset, NY 11791-2129

Cooley LLP
Attn:  Alan Levine, Esq.
1114 Avenue of the Americas
16th Floor
New York, NY 10036-7772

Cooley LLP
Attn:  Alan Levine, Esq.
1114 Avenue of the Americas
46th Floor
New York, NY 10036-7703

Cooley LLP
attn: J. Michael Kelly
101 California St., 5th Fl
San Francisco, CA 94111-5800

Coral Gables Palm Restaurant
4425 Ponce de Leon Blvd.
Ste. 140
Miami, FL 33146-1837

(c)CORPORATE CREATIONS
11380 PROSPERITY FARMS RD STE 221
PALM BEACH GARDENS FL  33410-3465

David Rosner, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

David S. Rosner, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Denver Palm Corporation
c/o The Palm Denver
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Estate of Charles Cook
c/o Meridithe Shields
58 Bluestone Court
Kingston, NY 12401-4323

Frederic S. Newman, Esq.
Hoguet Newman Regal & Kenney
10 East 40th Street
35th Floor
New York, NY 10016-0304

Gary Ganzi
74 Valleyfield Street
Lexington, MA 02421-7939

Gary Ganzi and Claire Breen
c/o Eric D. Jacobs, Esq.
 Genovese Joblove & Batista, P.A.
100 N. Tampa Street, Suite 2600
Tampa, FL 33602-5810

Gary Ganzi and Claire Breen
c/o Michael A. Friedman, Esq.
Genovese Joblove & Batista, P.A.
100 N. Tampa Street, Suite 2600
Tampa, FL 33602-5810

Gary Ganzi and Claire Breen
c/o Robert F Elgidely, Esq
Genovese Joblove & Batista, PA
200 East Broward Blv, Suite 1110
Fort Lauderdale, FL 33301-3535

Harris County et al.
c/o John P. Dillman
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Hoguet Newman Regal & Kenney, LLP
c/o Fredric S. Newman, Esq.
60 E. 42nd Street, 48th Floor
New York, NY 10165-3003

Hoteles Presidente, S.A.
Campos Eliseos 218 - 11th Fl
Polanco, CP 11560
Mexico

Ian Shapiro, Esq.
Cooley LLP
1114 Avenue of the Americas
46th Floor
New York, NY 10036-7703

Ian Shapiro, Esq.
Cooley LLP
1114 Avenue of the Americas
New York, NY 10036-7703

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Just One More Restaurant Cor
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428

LA Downtown Palm, LLC
c/o The Palm Los Angeles
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Los Angeles Palm, Inc.
c.o The Los Angeles Palm
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Miami Palm Restaurant Inc.
c/o The Palm Miami
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

NY Department of Finance
P.O. Box 3933
New York, NY 10008-3933

NYC Department of Finance
P.O. Box 3922
New York, NY 10085

NYC Department of Finance
P.O. Box 680
Newark, NJ 07101-0680

NYD Dept. of Health and
Mental Division of Permits
Church Street Station
P.O. Box 4081
New York, NY 10261-4081

NYS Department of Taxation
and Finance
WA Harrington Campus
Albany, NY 12227-0001

Nashville Palm Restaurant LL
c/o The Palm Nashville
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

New York State Department of Taxation &
New york State Tax & Finance Bankruptcy
Bankruptcy Section
P O Box 5300
Albany, NY 12205-0300

Northbrook Palm, LLC
2000 Northbrook Court
Northbrook, IL 60062-1411

PMC d/b/a Hedges Inn
c/o the James Lane Cafe Rest
73 James Lane
East Hampton, NY 11937

PMC d/b/a Huntting Inn
c/o The Palm East Hampton
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Beverly Hills
Restaurant, LLC
1730 Rhode Island Ave., N.W.
Suite 900
Washington, DC 20036-3113

Palm Management Corporation
1730 Rhode Island Ave., N.W.
Ste. 900
Washington, DC 20036-3113

Palm Management Corporation
1730 Rhode Island Avenue, NW
Ste. 900
Washington, DC 20036-3113

Palm New York Downtown LLC
c/o The Palm Tribeca
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Orlando Corporation
c/o The Palm Orlando
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Restaurant Puerto Rico
c/o The San Juan Palm Restau
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Restaurant of Houston
c/o The Palm Houston
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Restaurant of Las Vegas
c/o The Palm Las Vegas
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Restaurant of Philadelp
c/o The Palm Philadelphia
1730 Rhode Island Ave., N.W.
Washington, DC 20036-3101

Palm Restaurant, Inc.
c/o The Palm Too
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm Troy Company, LLC
c/o The Troy Palm Restaurant
5600 Crooks Road
Troy, MI 48098-2811

Palm Tysons Too, Inc.
c/o The Palm Tysons Corner
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Palm West Corporation
c/o The Palm West Side
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Rivkin Radler LLP
Attn: Matthew V Spero
200 Chambers LLC
926 RXR Plaza
Uniondale, NY 11556-0926

Rivkin Radler LLP
Attn: Matthew V. Spero
200 Chambers, LLC
929 RXR Plaza
Uniondale, NY 11556-0926

Robert A. Schatzman, Esq.
GrayRobinson P.A.
333 S.E. 2nd Ave., Ste. 3200
Miami, FL 33131-2191

San Antonio Palm Restaurant
c/o The Palm San Antonio
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

San Diego Palm, LLC
c/o The San Diego Palm Resta
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Steven J. Solomon, Esq.
GrayRobinson P.A.
333 S.E. 2nd Ave., Ste. 3200
Miami, FL 33131-2191

Tampa Palm Restaurant, LLC
c/o The Tampa Palm Restauran
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

The Dallas Palm Restaurant
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

The Washington Palm, Inc.
c/o The Palm Washington DC
1730 Rhode Island Ave., N.W.
#900
Washington, DC 20036-3113

Walter J Ganzi, Jr
c/o Robert A Schatzman, Esq
GrayRobinson, PA
333 SE 2nd Ave, Suite 3200
Miami, FL 33131-2191

Walter J Ganzi, Jr
c/o Steve J Solomon, Esq
GrayRobinson, PA
333 SE 2nd Ave, Suite 3200
Miami, FL 33131-2191

Walter J. Ganzi, Jr.
8171 Bay Colony Drive
Apt. 1902
Naples, FL 34108-7567

Benjamin E. Lambers +
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

Robert A. Schatzman +
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131-2191

United States Trustee - FTM +
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602-3949

John P Dillman +
Linebarger Goggan Blair & Sampson LLP
Post Office Box 3064
Houston, TX 77253-3064

Andrew T. Jenkins +
Bush Ross, PA
Post Office Box 3913
Tampa, FL 33601-3913

Craig V Rasile +
McDermott Will & Emery LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336

Robert F Elgidely +
Fox Rothschild LLP
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131-1833

Paul Steven Singerman +
Berger Singerman, LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

Paul A Avron +
Berger Singerman LLP
One Town Center Road
Suite 301
Boca Raton, FL 33486-1014

Marian G Kennady +
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-4937

J Michael Kelly +
Cooley Godward Kronish LLP
101 California Street
5th Floor
San Francisco, CA 94111-3580

J Steven Wilkes +
Office of United States Trustee
501 East Polk Street
Tampa, FL 33602-3949

Christopher A Jarvinen +
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

Matthew V Spero +
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-3823

Gerard A McHale Jr+
McHale PA
1601 Jackson St. Suite 200
Fort Myers, FL 33901-2968

Eric D Jacobs +
Genovese Joblove & Batista, P.A.
100 North Tampa Street, Suite 2600
Tampa, FL 33602-5810

Joshua D Rievman +
Dunning Rievman & Davies, LLP
434 West 33rd Street
New York, NY 10001-2601

Fredric S. Newman +
Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165-3003

Julia A May +
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Corporate Creations
11380 Prosperity Farms Road
#221E
Palm Beach Gardens, FL 33410

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Claire Breen                          (u)Cooley LLP                          (u)Gary Ganzi

(u)Victor F. Ganzi                       (u)Gary Ganzi and Claire Breen as Attorneys-i      (d)Cooley LLP
                                                                                Attn: Alan Levine, Esq.
                                                                                1114 Avenue of the Americas, 46th Floor
                                                                                New York, NY 10036-7703

(d)Frederic S. Newman, Esq.              (d)Just One More Holding Corp.         End of Label Matrix
Hoguet Newman Regal & Kenney             8955 Fontana Del Sol Way               Mailable recipients    115
10 East 40th Street, 35th Fl             2nd Floor                              Bypassed recipients      8
New York, NY 10016-0304                  Naples, FL 34109-4428                  Total                  123

Label Matrix for local noticing
113A-9
Case 9:19-bk-09677-FMD
Middle District of Florida
Ft. Myers
Tue Jun 16 17:09:02 EDT 2020

200 Chambers, LLC
c/o Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-0926

Bank of America, N.A.
Bush Ross PA
c/o Andrew T. Jenkins, Esq.
PO Box 3913
Tampa, FL 33601-3913

Bank of America, N.A.
Phelan Hallinan Diamond & Jones, PLLC
2001 NW 64th Street
Suite 100
Ft. Lauderdale, FL 33309-1844

Bruce E. Bozzi Sr.
2161 Gulf of Mexico Drive
Longboat Key, FL 34228-5230

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Douglas Elliman
20 Main Street
East Hampton, NY 11937-2745

Scott Esterbrook
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103-2762

Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 E. 42nd Street
48th Floor
New York, NY 10165-3003

Just One More Holding Corp.
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428

Just One More Restaurant Corp.
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428

Soneet Kapila
1000 South Federal Highway
Suite 200
Ft. Lauderdale, FL 33316-1237

Raymond James & Associates, Inc
880 Carillon Parkway
St. Petersburg, FL 33716-1100

SF V CLE Lending, LLC
c/o Reed Smith LLP
1001 Brickell Bay Dr.
Suite 900
Miami, FL 33131-4937

200 Chambers, LLC,
c/o Jack Resnick
110 East 59th St, 34th Floor
New York, NY 10022-1308

267 North Canon Drive, LLC
621 N. Beverly Hills Drive
Beverly Hills, CA  90210

Atlanta Palm Food Corp.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

AvalonBay Communities, Inc.
671 N. Glebe Rd., Ste 800
Arlington, VA 22203-2138

B.W. Associates, Inc.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Bank of America
Global Commercial Banking
1301 Gervais Street, Suite 2020
SC3-230-20-02
Columbia, SC 29201-3354

Bank of America
PO Box 660576
Dallas, TX 75266-0576

Bank of America, N.A.
c/o Andrew T. Jenkins
Post Office Box 3913
Tampa, Florida 33601-3913

Boston Palm Corporation
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Bozzi 2000 Insurance Trust
c/o Palm Management Corp
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Briargrove Retail LP
One Riverway, Suite 100
Houston, TX 77056-1962

Charlotte Palm Corp.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Chicago Palm, Inc.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Claire Breen
c/o Frederic Newman, Esq.
Hoguett Newman Regal & Kenney
60 E. 42nd St., 48th Floor
New York, NY 10165-3003

Cooley LLP
101 California Street, 5th F
San Francisco, CA 94111-5800

DGMB Associates, Inc.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Denver Palm Corporation
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Estate of Charles Cook
c/o Frederic Newman, Esq.
Hoguet Newman Regal & Kenney
60E. 42nd St., 48th Floor
New York, NY 10165-3003

Frederic Newman, Esq.
Hoguet Newman Regal & Kenney
60 E. 42nd St., 48th Floor
New York, NY 10165-3003

Gary Ganzi
c/o Frederic Newman, Esq.
Hoguet Newman Regal & Kenney
60 E. 42nd St., 48th Floor
New York, NY 10165-3003

Home Tech
6400 Techster Blvd.
Fort Myers  FL 33966-4721

INTERNAL REVENUE SERVICE
P O BOX 7346
PHILADELPHIA,PA 19101-7346

Just One More Rest. Corp.
8955 Fontana del Sol Way
2nd Floor
Naples, FL 34109-4428

Just One More Restaurant Holdings
8955 Fontana del Sol Way, 2nd Floor
Naples, FL 34109-4428

Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Kasowitz Benson Torres LLP
16 Broadway
New York, NY 10004-1703

LA Downtown Palm, LLC
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Mary Ann Bozzi
2161 Gulf of Mexico Drive
Longboat Key FL 34228-5230

Mercedes-Benz Credit Corp.
PO Box 5209
Carol Stream  IL  60197-5209

Mercedes-Benz Financial Services USA
PO Box 5260
Carol Stream  IL  60197-5260

Miami Palm Restaurant, Inc.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Nashville Palm Restaurant
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

New York State DepT. of Tax & Finance
Bankruptcy Section
P O Box 5300
Albany, NY 12205-0300

Palm Airport, LLC
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Beverly Hills Rest. Mgr
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm New York Downtown
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Orlando Corp.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Philadelphia Investor
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Philadelphia Manager
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Restaurant Inc.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Restaurant of Houston
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Restaurant of Las Vegas
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm Tysons Too Inc.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Palm West Corp.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

San Antonio Palm Restaurant
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Sparkling Pools
PO Box 1280
Sag Harbor  NY  11963

The Washington Palm, Inc.
c/o Palm Management Corp.
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Victor Ganzi
126 East 56th Street, 14th Floor
New York, NY 10022-3077

W.B. Associates, Inc.
7380 West Sand Lake Road
Suite 450
Orlando FL 32819-5251

Walter J. Ganzi
8171 Bay Colony Drive
#1902
Naples FL 34108-7567

Weber & Grahn
216 E. Montauk Hwy.
Hampton Bays  NY 11946-1902

Robert E Tardif Jr.+
Trustee
Post Office Box 2140
Fort Myers, FL 33902-2140

Benjamin E. Lambers +
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

Robert A. Schatzman +
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131-2191

Steven J Solomon +
GrayRobinson, PA
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131-2191

Robert E Tardif, Attorney for Trustee +
Robert E. Tardif, Jr., P.A.
Post Office Box 2140
Fort Myers, FL 33902-2140

United States Trustee - TPA7/13 +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Andrew T. Jenkins +
Bush Ross, PA
Post Office Box 3913
Tampa, FL 33601-3913

Craig V Rasile +
McDermott Will & Emery LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336

Fox Rothschild +
13 East 37th Street
Suite 800
New York, NY 10016-2821

Robert F Elgidely +
Fox Rothschild LLP
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131-1833

Paul Steven Singerman +
Berger Singerman, LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

Marian G Kennady +
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-4937

J Michael Kelly +
Cooley Godward Kronish LLP
101 California Street
5th Floor
San Francisco, CA 94111-3580

J Steven Wilkes +
Office of United States Trustee
501 East Polk Street
Tampa, FL 33602-3949

Robert F Elgidely, Attorney for Trustee +
Genovese Joblove & Battista, P.A.
200 East Broward Boulevard, Suite 1110
Fort Lauderdale, FL 33301-3535

Christopher A Jarvinen +
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

Amanda E Reagan +
DLA Piper
100 N. Tampa Street
Suite 2200
Tampa, FL 33602-5809

Matthew V Spero +
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-3823

Brenda E Carpenter +
Phelan Hallinan Diamond & Jones, PLLC
2001 NW 64th Street, Suite 100
Fort Lauderdale, FL 33309-1844

Joshua D Rievman +
Dunning Rievman & Davies, LLP
434 West 33rd Street
New York, NY 10001-2601

Fredric S. Newman +
Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165-3003

Megan Preusker +
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Claire Breen

(u)Cooley LLP

(u)Gary Ganzi

(u)Victor F. Ganzi

(u)Gary Ganzi and Claire Breen as Attorneys-i

(u)MCP II Jefferson, LLC

(u)Fort Hill Square 1 Owner, LLC, c/o Prudent

(d)Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

(d)Just One More Restaurant Corp.
8955 Fontana del Sol Way, 2nd Floor
Naples, FL 34109-4428

End of Label Matrix
Mailable recipients    87
Bypassed recipients     9
Total                  96

Label Matrix for local noticing
113A-9
Case 9:19-bk-09680-FMD
Middle District of Florida
Ft. Myers
Tue Jun 16 17:09:56 EDT 2020

200 Chambers, LLC
c/o Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-0926

Bank of America, N.A.
Bush Ross PA
c/o Andrew T. Jenkins, Esq.
PO Box 3913
Tampa, FL 33601-3913

Tom Crouch
Benson & Mangold
116 N. Talbot Street, Suite A
Saint Michaels, MD 21663-2144

Scott Esterbrook
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103-2762

Walter J. Ganzi Jr
8171 Bay Colony Drive
#1902
Naples, FL 34108-7567

Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 E. 42nd Street
48th Floor
New York, NY 10165-3003

Just One More Holding Corp.
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428

Just One More Restaurant Corp.
8955 Fontana Del Sol Way
2nd Floor
Naples, FL 34109-4428

Soneet R Kapila
Kapila & Company
1000 S. Federal Highway
Suite 200
Ft. Lauderdale
FL, FL 33316-1237

SF V CLE Lending, LLC
c/o Reed Smith LLP
1001 Brickell Bay Dr.
Suite 900
Miami, FL 33131-4937

200 Chambers, LLC
c/o Jack Resnick & Sons, Inc.
110 East 59 Street, 34th Floor
New York, NY 10022-1308

267 North Canon Drive, LLC
621 N. Beverly Dr.
Beverly Hills, CA 90210-3319

AvalonBay Communities, Inc.
671 N. Glebe Rd., Ste. 800
Arlington, VA 22203-2138

Bank of America
Global Commercial Banking
1301 Gervais Street, Suite 2020
SC3-230-20-02
Columbia, SC 29201-3354

Bank of America
PO Box 660576
Dallas, TX 75266-0576

Briargrove Retail LP
One Riverway, Suite 100
Houston, TX 77056-1962

Claire Breen
c/o Frederic Newman, Esq.
Hoguet Newman Regal & Kenney
60 E. 42nd St., 48th Floor
New York, NY 10165-3003

Cooley LLP
101 California Street, 5th F
San Francisco, CA 94111-5800

Estate of Charles Cook
c/o Frederic Newman, Esq.
Hoguet Newman Regal & Kenney
60 E. 42nd St., 48th Floor
New York, NY 10165-3003

Fort Hill Square 1 Owner, LLC
c/o Prudential Real Estate Investors
8 Campus Drive, 4th Floor
Parsippany, NJ 07054-4409

Frederic Newman, Esq.
Hoguet Newman Regal & Kenney
60 E. 42nd St., 48th Floor
New York, NY 10165-3003

Gary Ganzi
c/o Frederic Newman, Esq.
Hoguet Newman Regal & Kenney
60 E. 42nd St., 48th Floor
New York, NY 10165-3003

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Just One More Holding Corp.,
1450 Brickell Avenue
Ste 1900
Miami FL 33191-0001

Just One More Restaurant Holdings
8955 Fontana del Sol Way, 2nd Floor
Naples, FL 34109-4428

Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019-6708

Land Rover Financial Group
1820 East Sky Harbour Circle #150
Phoenix, AZ 85034-4875

Palm Management Corp
7380 West Sand Lake Road
Suite 450
Orlando, FL 32819-5251

Peterson Family GST Trusts
Janice, Jeffrey and David
597 Westport Avenue, Apt C457
Norwalk, CT 06851-4466

Rivkin Radler LLP
Attn: Matthew V. Spero, Esquire
200 Chambers, LLC
929 RXR Plaza
Uniondale, NY  11556-0926

Verizon
by American InfoSource as agent
PO Box 4457
Houston, TX  77210-4457

Victor Ganzi
126 Eaast 56th Street, 14th Floor
New York, NY 10022

Robert E Tardif Jr.+
Trustee
Post Office Box 2140
Fort Myers, FL 33902-2140

Benjamin E. Lambers +
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

Robert A. Schatzman +
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131-2191

Steven J Solomon +
GrayRobinson, PA
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131-2191

Robert E Tardif, Attorney for Trustee +
Robert E. Tardif, Jr., P.A.
Post Office Box 2140
Fort Myers, FL 33902-2140

United States Trustee - FTM7/13 +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Andrew T. Jenkins +
Bush Ross, PA
Post Office Box 3913
Tampa, FL 33601-3913

Craig V Rasile +
McDermott Will & Emery LLP
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-4336

Fox Rothschild +
13 East 37th Street
Suite 800
New York, NY 10016-2821

Robert F Elgidely +
Fox Rothschild LLP
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131-1833

Paul Steven Singerman +
Berger Singerman, LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

Marian G Kennady +
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-4937

J Michael Kelly +
Cooley Godward Kronish LLP
101 California Street
5th Floor
San Francisco, CA 94111-3580

J Steven Wilkes +
Office of United States Trustee
501 East Polk Street
Tampa, FL 33602-3949

Robert F Elgidely, Attorney for Trustee +
Genovese Joblove & Battista, P.A.
200 East Broward Boulevard, Suite 1110
Fort Lauderdale, FL 33301-3535

Christopher A Jarvinen +
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

Amanda E Reagan +
DLA Piper
100 N. Tampa Street
Suite 2200
Tampa, FL 33602-5809

Matthew V Spero +
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-3823

Joshua D Rievman +
Dunning Rievman & Davies, LLP
434 West 33rd Street
New York, NY 10001-2601

Fredric S. Newman +
Hoguet Newman Regal & Kenney, LLP
One Grand Central Place
60 East, 42nd Street, 28th Floor
New York, NY 10165-3003

Megan Preusker +
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Claire Breen

(u)Cooley LLP

(u)Gary Ganzi

(u)Victor F. Ganzi                  (u)Gary Ganzi and Claire Breen as Attorneys-i        (u)MCP II Jefferson, LLC


(u)Raymond James & Associates, Inc.        (d)Just One More Restaurant Corp.          End of Label Matrix
                                           8955 Fontana del Sol Way, 2nd Floor         Mailable recipients    53
                                           Naples, FL 34109-4428                       Bypassed recipients     8
                                                                                       Total                  61